BART M. BOTTA, SBN 167051
MARION I. QUESENBERY, SBN 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 752-2911
Facsimile: (949) 752-0953

Attorneys for Plaintiff
REY REY PRODUCE SFO, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REY REY PRODUCE SFO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIS AMIGOS MEAT MARKET, INC., a California corporation; URIEL GONZALEZ, an individual; ALEJANDRO COSTA, an individual,<br><br>Defendants. | CASE NO. 08 1518<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA")**<br>[7 U.S.C. §499e, et seq.]<br><br>1. **BREACH OF CONTRACT;**<br>2. **ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>3. **VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>4. **UNJUST ENRICHMENT;**<br>5. **DECLARATORY RELIEF**<br>6. **FOR INJUNCTIVE RELIEF AND/OR TRO**<br><br>**JURY DEMAND** |

Plaintiff REY REY PRODUCE SFO., INC., a corporation ("RRSFO" or "Plaintiff"), complains and alleges as follows:

1

# I.

# JURISDICTION AND VENUE

1. This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499e(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.

2. Venue is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims arose in this district.

3. Plaintiff RRSFO is now and at all times material herein was a corporation organized and doing business under the laws of the State of California, with its principal place of business in the City of South San Francisco, County of San Francisco, State of California.

4. Plaintiff is informed and believes and thereon alleges that Defendant MIS AMIGOS MEAT MARKET, INC. ("MAMM"), is and during all times mentioned herein was a corporation which during all times material herein maintained its business addresses located at 3005 Willow Pas Road, Bay Point, California 94565.

5. Plaintiff is informed and believes and thereon alleges that Defendant URIEL GONZALEZ ("GONZALEZ") is an individual who during all times material herein maintained a residence located within the jurisdictional boundaries of this Court.

6. Plaintiff is informed and believes and thereon alleges that Defendant ALEJANDRO COSTA ("COSTA") is an individual who during all times material herein maintained a residence located within the jurisdictional boundaries of this Court.

7. Defendants GONZALEZ AND COSTA are sometimes collectively referred to herein as "the Individual Defendants."

8. The Individual Defendants and MAMM are sometimes referred to herein collectively as "Defendants."

9. Plaintiffs are informed and believe and thereon allege that the Individual Defendants are, and at all times material herein were, officers, directors, managing members, and insiders of MAMM with managerial duties, who had actual and constructive knowledge of the PACA trust and the provisions set forth therein, and who are, and during relevant times herein were, statutory trustees under PACA in positions to control the PACA trust assets that are the subject of this lawsuit.

10. At all times relevant herein, Defendant MAMM was engaged in the buying and selling of requisite quantities of produce in interstate and/or foreign commerce as commission merchant, dealer and/or broker, and was therefore subject to licensure under the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA, along with all other Individual Defendants.

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### [Against Defendant MAMM]

11. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 10 inclusive, of this Complaint as though fully set forth herein.

12. At all times relevant herein, Defendants were engaged in the handling of produce in interstate and/or foreign commerce as commission merchants, dealers and/or brokers, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

13. Between on or about April 17, 2007 and December 31, 2007, in a series of transactions, RRSFO sold and shipped perishable agricultural commodities to Defendant MAMM, at said Defendant's request, for which MAMM agreed to pay RRSFO the principal sum of $88753.30.

14. At or about the date of each transaction described above, Plaintiff delivered to Defendants, along with the produce ordered, invoices for said transactions setting forth in detail the amounts owed by MAMM for the purchase of the commodities.

15. Plaintiff has repeatedly demanded that Defendants pay the amount due and owing under the invoices, totaling the combined principal amount of at least $88753.30, however, said Defendants have failed and refused and continue to fail and refuse to pay Plaintiff for the produce purchased by said Defendants, and no part of those sums due and owing has been paid.

16. Plaintiff has performed all conditions, covenants and obligations required to be performed by Plaintiff under the agreements for sales of produce as set forth herein.

17. As a direct and proximate result of the failure of Defendants to remit payments due to Plaintiff as described above, Plaintiff has suffered the cumulative combined principal loss of at least $88753.30.

## III.

## SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA)

### [Against All Defendants]

18. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 17, inclusive of this Complaint as though fully set forth herein.

19. At all times relevant herein, Plaintiff was subject to license under the PACA and was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)]. This is because the PACA regulations at 7 C.R.F. § 46.2(m) defines a "dealer" as an entity that buys or sells produce in "wholesale or jobbing" quantities (defined as 2,000 pound in any given day; 7 C.R.F. § 46.2(x); and includes "retailers" when the cost of all purchases of produce in a calendar year exceeds $230,000.00. Defendant MAMM

1  meets all of these requirements and therefore was required to obtain a PACA license.

20. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

21. Pursuant to 7 U.S.C. §499e(c) of the PACA upon receipt of the produce sold by Plaintiff to Defendants, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

22. Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the total principal amount of at least $88753.30, sold to Defendants, all of which remains past due and unpaid.

23. Plaintiff is informed and believes, for the reasons alleged above, that the Individual Defendants are statutory trustees under the PACA. The PACA trust requires all Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that the amounts are past due, in violation of the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the Secretary of Agriculture, 7 C.F.R. §46.46. Defendants have refused to pay Plaintiff despite repeated demands for payment. Defendants have made numerous promises to Plaintiff that they would make

payment on specified days, but failed to make any payment to Plaintiff as promised. Defendants have failed to fulfill the requirements of the statutory PACA trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

24.  Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and continue to transfer or divert trust assets, namely receivables or proceeds derived from the sale of produce purchased from Plaintiff and others, to their own use and/or to an unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

25.  As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the combined loss of at least $88753.30, plus finance charges and attorney's fees pursuant to the written agreement between the parties, all of which qualify for protection under the PACA trust.

///
///
///

## IV.

## THIRD CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)

### [Against All Defendants]

26. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this complaint as though fully set forth herein.

27. Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, cumulatively totaling at least $88753.30 for produce sold and delivered to Defendant MAMM as described above. Despite these demands, Defendants have failed and refused to truly and accurately account for and make full payment promptly to Plaintiff for the transactions in issue. Therefore, Defendants have failed to fulfill their obligations under said contracts of sale, express and implied, and have breached their duty to fully and accurately account and to promptly and fully pay for the produce received from Plaintiff, and have failed to maintain trust assets sufficient to promptly and fully pay their trust creditors, including Plaintiff, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b) *et seq.* (1930), and corresponding regulations promulgated by the Secretary of Agriculture, applicable to PACA licensees such as Defendants.

28. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative combined loss of $88753.30 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants.

///

///

///

# V.

# FOURTH CAUSE OF ACTION

### (For Unjust Enrichment)

### [As against all Defendants]

29. Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the amount of at least $88753.30.

31. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

32. As a direct and proximate result of the wrongful conversion of funds due to Plaintiff as assignees, Plaintiff has been damaged and Defendants have been unjustly enriched in the amount of at least $88753.30, all of which qualify for protection under the PACA trust.

# VI.

# FIFTH CAUSE OF ACTION

### (For Declaratory Relief)

### [As against all Defendants]

33. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 32, inclusive, of this Complaint as though fully set forth herein.

34. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

35. Plaintiff seeks an Order of this Court declaring that its PACA trust claim is superior to and has priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary. Plaintiff would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

36. Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claim under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## VII.
## SIXTH CAUSE OF ACTION
### (For Injunctive Relief and/or Temporary Restraining Order
### [As against All Defendants]

37. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 36, inclusive, of this Complaint as though fully set forth herein.

38. Pursuant to the provisions of the PACA and specifically 7 U.S.C. §§ 499a *et seq.* and 499e(c)(1) through (4), inclusive, perishable agricultural commodities received by a commission merchant, broker or dealer in <u>all</u> transactions and <u>all</u> inventories or other products derived from these products are

held in trust by the receiver for the benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection with such transactions.

39. On numerous of occasions Plaintiff has demanded via written notice and telephone calls that Defendants pay the balances due to Plaintiff in the amounts alleged herein but Defendants have failed and refused and continue to fail and refuse to do so.

40. Defendants have failed to pay their undisputed PACA trust debt to Plaintiff which is the subject of this complaint. Plaintiff is informed, believes and thereon alleges that the PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained.

41. Pursuant to the terms of the statutory trust herein alleged, and pursuant to Defendants' fiduciary duties' as described above, said Defendants owed a duty to transfer to Plaintiff sums owed to Plaintiff for the produce shipments which are the subject of this complaint.

42. Plaintiff is informed, believes and thereon alleges that said Defendants have diverted and will continue to divert PACA trust assets due and owing to Plaintiff either to themselves or to third parties, or will dissipate, conceal or otherwise make such assets unavailable if a noticed hearing seeking injunctive relief is required.

43. If such diversion and dissipation of assets is allowed to continue, Plaintiff will suffer great and irreparable harm in that the PACA trust assets will not be preserved and Plaintiff ability to pay some of its own creditors from whom the produce shipped to Defendants was purchased may be jeopardized. Moreover, Plaintiff and other creditors of Plaintiff's, a substantial number of which are statutory trust creditors under the Perishable Agricultural Commodities Act [7 U.S.C. §499e et seq.] will suffer great and irreparable harm if all proceeds of sale, including trust assets of Defendants are dissipated and are forever lost to such creditors.

44.  Therefore, Plaintiff request that this Court enter an *ex parte* order for an accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust. In the alternative, Plaintiff requests that this Court enter a temporary restraining order directing that Defendants, Defendants' officers, directors, shareholders, bankers, attorneys, agents, or any other person acting on Defendants' behalf not disburse, transfer or otherwise dissipate the PACA trust assets pending a hearing on the Plaintiff's Application for Injunctive Relief.

45.  Plaintiff is informed, believes and thereon alleges that Defendants will not be damaged or injured in any way by the requested relief because the assets they hold are due and owing to Plaintiff. Further, to the extent the assets are secured by the PACA trust, such assets rightfully belong to Plaintiff and are held in trust by Defendants for the benefit of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION
### (For Breach Of Contract)
### [Against Defendant MAMM]

1.  For damages in the principal amount of $88753.30; and,
2.  For finance charges at 1 ½% per month from the date the obligation became due and payable to Plaintiff;
3.  For reasonable attorney's fees and costs of suit incurred herein; and
4.  For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
### (Enforcement of Statutory Trust Provisions of PACA)
### [As against all Defendants]

1.  For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the principal amount of $88753.30;

2.    For finance charges at 1 ½% per month from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)

### [Against All Defendants]

1.    For damages in the principal amount of $88753.30;

2.    For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $88753.30;

3.    For finance charges at 1 ½% per month from the date the obligation became due and payable to Plaintiff; and

4.    For attorney's fees and costs in an amount deemed reasonable by this Court.

## FOURTH CAUSE OF ACTION

### (For Unjust Enrichment)

### [As against all Defendants]

1.    For damages in the principal amount of $88753.30;

2.    For finance charges at 1 ½% per month from the date the obligation became due and payable to Plaintiff;

3.    For attorney's fees and costs of suit incurred; and

4.    For such other and further relief as this Court deems just and proper.

///
///
///

## FIFTH CAUSE OF ACTION
## (For Declaratory Relief)
## [As against all Defendants]

1. For a declaratory judgment establishing that:

    (a) The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

    (b) The Plaintiff's trust claim under the PACA amendment is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

    (c) Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2. For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the principal sum of at least $88753.30;

3. For finance charges at 1 ½% per month from the date the obligation became due and payable to Plaintiff;

4. For attorneys' fees and costs of suit incurred; and

5. For such other and further relief as this Court deems proper.

///
///
///

13

## SIXTH CAUSE OF ACTION

### (For Injunctive Relief; Temporary Restraining Order)

### [As against all Defendants]

1. For an accounting and injunctive relief to turnover all amounts subject to the PACA Trust;

2. For finance charges at 1 ½% per month from the date the obligation became due and payable to Plaintiff,

3. For reasonable attorney's fees and costs of suit incurred herein as per the parties written agreements; and,

4. For such other and further relief as the Court may deem just and proper.

DATED: March 18, 2008

RYNN & JANOWSKY, LLP

By: _____
BART M. BOTTA, Attorneys for Plaintiff

## JURY DEMAND

Plaintiff REY REY PRODUCE SFO., INC. hereby demands a jury trial in this matter.

DATED: March 18, 2008

RYNN & JANOWSKY, LLP

By: _____
BART M. BOTTA, Attorneys for Plaintiff