COPY

ORIGINAL FILED

MAR 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   BART M. BOTTA, SBN 167051
2   MARION I. QUESENBERY, SBN 072308
    RYNN & JANOWSKY, LLP
3   4100 Newport Place Drive, Suite 700
    Newport Beach, CA 92660
4   Telephone:  (949) 752-2911
5   Facsimile:  (949) 752-0953

                                                    E-filing
6
7   Attorneys for Plaintiff
    REY REY PRODUCE SFO, INC.

8                UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                                                            VRW
11               SAN FRANCISCO DIVISION

12                                       CV 08      1518

    REY REY PRODUCE SFO, INC., a       CASE NO.
13  California Corporation,

14                                      MEMORANDUM OF POINTS
                        Plaintiff,      AND AUTHORITIES IN
15       v.                             SUPPORT OF PLAINTIFF' *EX
                                        PARTE* APPLICATION FOR
16                                      TEMPORARY RESTRAINING
                                        ORDER OR, ALTERNATIVELY,
17                                      FOR PRELIMINARY
                                        INJUNCTION; IN SUPPORT
18  MIS AMIGOS MEAT MARKET,             THEREOF
    INC., a California Corporation; URIEL
19  GONZALEZ, an individual;
    ALEJANDRO COSTA, an individual,
20
21                      Defendants.

22
23
24
25
26
27
28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

# **TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT .......................................................... 1

II.  ALL REQUIREMENTS FOR ESTABLISHING A PACA TRUST
     HAVE BEEN SATISFIED IN THE CASE AT BAR ......................... 3

     A.  The PACA Amendment Establishes A Trust For The
         Benefit Of The PACA Beneficiary ............................................. 3

     B.  There Is No Tracing Requirement For The PACA
         Trust............................................................................................. 4

     C.  Defendants are "Dealers" As Defined by the
         Perishable Agricultural Commodities Act ................................. 7

     D.  The Produce Sold By Plaintiff Moved In And/Or In
         Contemplation of Interstate or Foreign Commerce................... 8

     E.  Plaintiff Perfected Its Right To PACA Trust Benefits
         By Issuing Invoices Contain All Language Necessary
         to Preserve Plaintiff' PACA Trust Rights in
         Compliance with 7 U.S.C. §499e(c)(4) ...................................... 9

     F.  Defendants Failed to Establish A PACA Trust for the
         Protection of PACA Beneficiaries ........................................... 10

     G.  All Of The Threshold Prerequisites To The PACA
         Beneficiary's Right To Recovery Under The PACA
         Amendment Have Been Established ......................................... 11

III. THE TRUST CLAIM OF THE PACA BENEFICIARY IS
     SUPERIOR TO AND TAKES PRIORITY OVER ALL OTHER
     SECURED OR UNSECURED CLAIMS AGAINST
     DEFENDANTS ............................................................................... 12

IV.  PLAINTIFF WILL SUFFER IRREPARABLE INJURY ABSENT
     THE ISSUANCE OF INJUNCTIVE RELIEF BY THIS COURT.... 13

V.   NO BOND SHOULD BE REQUIRED TO GRANT
     PRELIMINARY RELIEF................................................................. 18

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

VI.  THE PACA TRUST BENEFICIARY IS ENTITLED TO RECOVER ATTORNEY'S FEES AND COSTS EXPENDED TO RECOVER AMOUNTS DUE AS WELL AS PREJUDGMENT AND POSTJUDGMENT INTEREST PURSUANT TO THE PROVISIONS OF THE PACA TRUST ........................................... 19

VII.  CONCLUSION................................................................ 20

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07-114/MemoPAs.doc

**Cases**                                                                    **Page**

California ex rel. Van De Camp v. Tahoe Regional
Planning Agency,766 F.2d 1319, 1324-25
     as amended, 755 F.2d 998 (9th Cir. 1985) ......................................... 18

Continental Fruit Co. v. Gatziolis & Co.,
     774 F.Supp. 453 (N.D. Ill. 1991)....................................................... 15

Continental Sales Co. v. Billings,
     No. 4-93-2763 (S.D. Tex. Mar. 6, 1996). .......................................... 19

C.H. Robinson Company v. Alanco Corp.,
     239 F.3d 483 (2nd Cir. 2001) ............................................................ 13

DeBruyn Produce, Co. v. Olympic Produce Co.,
     734 F.Supp. 483, 485-86 (N.D.Ga. 1989) ......................................... 15

Dollar-Rent-a-Car of Washington v. Travelers Indemnity,
     774 F.2d 1371, 1374 (9th Cir. 1985) ................................................. 13

Fillipo v. S. Bonaccurso & Sons, Inc.,
     466 F.Supp. 1008, 1016 (E.D. Pa 1978)............................................ 10

Finest Fruits, Inc. v. Edward Boker, Inc.,
     86 Civ. 3903 (S.D.N.Y. 1986) .......................................................... 19

First State Bank v. Gotham Provision Co.,
     (In re Gotham Provision Co.)
     699 F.2d 1000, 1010 (5th Cir. 1982) .................................................. 5

Frio Ice, S.A. v. Sunfruit, Inc.,
     918 F.2d 154 (11th Cir. 1990) ............................................................ 2

Gullo Produce Company, Inc., et al. v. A.C. Jordan
Produce Co., Inc.,
     751 F.Supp. 64, 67 (W.D. Pa. 1990)............................................ 2, 15

Hendrick v. S. Bonaccurso & Sons, Inc.,
     466 F.Supp. 1025 (E.D. Pa 1978) .................................................... 11

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

In re Annde Foods, Inc.,
    110 B.R. 346 (Bankr. N.D. Ill., 1989) ......................................... 17

In re Atlantic Tropical Market Corporation,
    118 B.R. 139 (Bankr. S.D. Fla. 1990) ......................................... 6

In re Fresh Approach,[Fresh Approach II]
    51 B.R. 412, 420-422, 424-428
    (Bankr. N.D. Texas 1985)................................................. 4, 6

In re Hancock-Nelson Mercantile, Inc.,
    95 B.R. 982 (Bankr. N.D. Minn. 1989) ......................................... 5

In re Harper,
    150 Bankr. Rptr. 416 (E.D. Tenn. 1993) ......................................... 11

In re Kornblum & Co., Inc.,
    81 F.3d 280 (2nd Cir. N.Y. 1996)......................................... 5

In re Milton Poulos, Inc.,
    947 F.2d 1351 (9th Cir. 1991) ......................................... 13, 19

In re Monterey House, Inc.,
    71 B.R. 244, 247, 249
    (Bankr. S.D. Texas 1986) ......................................... 5, 13, 19

In re Nagelberg & Co., Inc.,
    84 B.R. 19 (Bankr. S.D. NY 1988)......................................... 10

In re Prange Foods Corp.,
    63 B.R. 211 (Bankr. W.D. Mich. 1986) ......................................... 13

In re W.L. Bradley Company, Inc.,
    75 B.R. 505 (E.D. Pa. 1987)......................................... 5, 19

J.R. Brooks & Son, Inc. v. Norman's Country
    Market, Inc., 98 B.R. 47, 49-51
    Bankr. N.D. Fla. 1989) ......................................... 2, 9, 18

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mid-Valley Produce Corp. v. 4-XXX Produce Corp.,
    819 F. Supp. 209 (E.D.N.Y. 1993).................................................... 11

Middle Mountain Land and Produce, Inc. v.
    Sound Commodities, Inc., 307 F.3d 1220
    (9th Cir. 2002)............................................................................. 20

Morris Okun, Inc. v. Harry Zimmerman, Inc.,
    814 F. Supp. 346 (S.D.N.Y. 1993) ................................................. 11

Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc.,
986 F.2d 1010 (6th Cir. 1993)......................................................... 6

Sundor Brands, Inc. v. Borden, Inc.,
    653 F.Supp. 86, 93 (M.D. Fla. 1986)............................................. 18

Sunkist Growers, Inc. v. Fisher,
    104 F.3d 280 (9th Cir. 1997) ......................................................... 11

Tanimura And Antle, Inc. v. Packed Fresh, Inc.
    222 F.3d 132, 140-141 (3d Cir. 2000)......................................... 2, 14

Wayne Chemical, Inc. v. Columbus Agency Serv. Corp.,
    567 F.2d 692, 701 (7th Cir. 1977) ................................................. 18


Statutes

Packers and Stockyards Act, 1921
    7 U.S.C. §181 et seq. .................................................................... 5

Perishable Agricultural Commodities Act of 1930,
as Amended in 1984
    7 U.S.C. §499a............................................................................. 1

Perishable Agricultural Commodities Act
    7 U.S.C. §499a(6) ..................................................................... 7, 8

Perishable Agricultural Commodities Act
    7 U.S.C. §499e............................................................................. 1

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Perishable Agricultural Commodities Act
    7 U.S.C. §499e(a) ........................................................ 7

Perishable Agricultural Commodities Act
    7 U.S.C. §499e(c) ........................................................ 8

Perishable Agricultural Commodities Act
    7 U.S.C. §499e(c)(1) (Supp. 1986)........................... 4, 12

Perishable Agricultural Commodities Act
    7 U.S.C. §499e(c)(2) (Supp. 1986)........................... 4, 10

Perishable Agricultural Commodities Act
    7 U.S.C. §499e(c)(4) ...................................................1, 9

Perishable Agricultural Commodities Act
    7 U.S.C. §499e(c)(5) ........................................................ 3

Perishable Agricultural Commodities Act of 1930,
    Amendments H.R. No. 98-543 (1984) ............................ 16

## Regulations

7 C.F.R. §46.2 (m) ............................................................ 7

7 C.F.R. §46.2 (x)............................................................. 7

7 C.F.R. §46.46 (b)(2)..................................................... 10

## Rules

Federal Rule of Civil Procedure 65(b) .............................. 14

Federal Rule of Civil Procedure 65(c) .............................. 18

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

<u>Articles</u>

2

Rynn, Injunctive Relief Under the 1984 Trust Amendment

3

to the Perishable Agricultural Commodities Act:

A Necessary Means of Trust Enforcement

4

      23 U.C. Davis L.Rev. 3 (Spring 1990) ................................. 3

5

Botta, Personal Liability for Corporate Debts:  The

6

Reach of the Perishable Agricultural Commodities

Continues to Expand

7

      2 Drake J.AG.Law 339 (Winter 1997) ............................. 11

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

This case arises out of the Perishable Agricultural Commodities Act of 1930, as amended in 1984, 7 U.S.C. §499a, et seq. ("PACA" or "Act"), and the PACA Trust provisions set forth at 7 U.S.C. §499e, et seq.

Plaintiff REY REY SFO, INC., (referred to herein as "Plaintiff" or "RRSFO"), operates as a seller of perishable agricultural commodities and is the beneficiary of a statutory trust provided for by the PACA.

Under the terms of the statutory trust, Defendants MIS AMIGOS MEAT MARKET, INC. ("MAMM"), a corporation; URIEL GONZALEZ ("UG"), an individual; and ALEJANDRO COSTA ("AC"), an individual;, are statutory trustees who must hold in trust for Plaintiff all inventories of food or other products derived from perishable produce, including any receivables or proceeds from the sale thereof, until Plaintiffs' PACA trust claims are fully paid. Defendants URIEL GONZALEZ ("UG") and ALEJANDRO COSTA ("AC"), are sometimes referred to as "the Individual Defendants." MAMM and The Individual Defendants are sometimes collectively referred to herein as "Defendants."

Plaintiff's PACA trust claim has priority over all other secured and unsecured claims against Defendants. By virtue of 7 U.S.C. §499e(c)(4), U.S. District Courts are vested with original jurisdiction to hear actions brought by PACA trust beneficiaries to enforce payment from the trust.

In a series of transactions, occurring at the dates and in the amounts alleged in the First Cause of Action of Plaintiff's complaint, Plaintiff sold and shipped perishable agricultural commodities to Defendants in accordance with Defendants' instructions and at agreed-upon selling prices.

All commodities sold as described above were shipped in or in contemplation of, interstate and foreign commerce and were accepted by

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

1   Defendants.   Despite accepting all the commodities and despite reselling those
2   commodities to their own customers, Defendants failed to pay for the commodities.
3   Not only have Defendants admitted that the sums due as alleged herein remain
4   payable to Plaintiff, but Defendants have failed and refused to fully and timely pay
5   for the commodities despite repeated promises to make such payments and have
6   dissipated the PACA trust assets rightfully belonging to Plaintiff.

7       Therefore, Plaintiff now seeks a Temporary Restraining Order or,
8   alternatively, a Preliminary Injunction which would, in relevant part, (a) prevent
9   Defendants from further dissipating the trust assets, and (b) requires Defendants to
10  release or otherwise set aside the amounts owed to Plaintiff pending final
11  adjudication of the complaint on file herein.

12      The issues to be decided by this Court upon Plaintiffs' application are as
13  follows:

14      1.   Whether Plaintiff qualifies as a PACA trust beneficiary;

15      2.   Whether Defendants dissipated or are dissipating PACA trust
16           assets including, but not limited to, inventory of perishable
17           agricultural commodities, proceeds from the sale of such
18           commodities and Defendants' accounts receivable; and,

19      3.   Whether Defendants must immediately set aside and turn over
20           to Plaintiff, PACA trust assets in amounts sufficient to satisfy
21           Plaintiff's PACA trust claim as alleged herein.

22      A Temporary Restraining Order is an appropriate vehicle for protecting a
23  PACA trust beneficiary's rights. *Tanimura and Antle, Inc., et al. v. Packed Fresh,*
24  *Inc., et. al.,* 222 F.3d 132, 140-141 (3d Cir. 2000); *Gullo Produce Company, Inc.,*
25  *et al. v. A.C. Jordan Produce Co., Inc.,* 751 F.Supp. 64 (W.D. Pa. 1990); *Frio Ice,*
26  *S.A. v. Sunfruit, Inc.,* 918 F.2d 154 (11th Cir. 1990); *J.R. Brooks & Son, Inc. v.*
27  *Norman's Country Market, Inc.,* 98 B.R. 47 (Bankr. N.D. Fla. 1989); Patricia J.
28  Rynn, *Injunctive Relief Under The 1984 Trust Amendments to The Perishable*

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

*Agricultural Commodities Act: A Necessary Means of Trust Enforcement*, 23 U.C. Davis L.Rev. 3 (Spring 1990).

The district courts of the United States are vested with jurisdiction specifically to entertain actions by PACA trust beneficiaries to enforce payment from the trust. 7 U.S.C. §499e(c)(5). Accordingly, it is properly within this Court's discretion to grant Plaintiff's requested injunctive relief. By way of example, the attached injunction orders obtained from various U.S. District Courts are substantially identical to the requested order herein and are based upon produce creditors seeking enforcement of their PACA trust rights. See Orders to Show Cause, true and correct copies of which are attached hereto and incorporated herein by reference as **Group Exhibit 1.**

## II.

## ALL REQUIREMENTS FOR ESTABLISHING A PACA TRUST HAVE BEEN SATISFIED IN THE CASE AT BAR

### A.    The PACA Amendment Establishes A Trust For The Benefit Of The PACA Beneficiary

The PACA Amendment provides that the PACA Trust is created by operation of law upon the delivery of perishable agricultural commodities. In enacting the PACA Amendment, Congress recognized the importance of protecting the seller's perishable agricultural commodities. In particular, the PACA Amendment states, as follows:

> It is hereby found that a burden on commerce in perishable agricultural commodities is caused by financing arrangements under which...dealers...who have not made payment for perishable agricultural commodities purchased, contracted to be purchased, or otherwise handled by them on behalf of another person, encumber or give lenders a security interest in, such commodities, or on inventories of food or other products derived from such commodities, and any receivables or

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

> proceeds from the sale of such commodities or products, and that such arrangements are contrary to the public interest. This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest. 7 U.S.C. §499e(c)(1) (Supp. 1986). (Emphasis added).

Therefore, upon the buyer's receipt of the produce, the PACA Amendment creates a PACA Trust in favor of the unpaid seller on all perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities as well as any receivables or proceeds from the sale of such commodities or products. 7 U.S.C. §499e(c)(2) (Supp. 1986). Specifically, the PACA Amendment provides, as follows:

> Perishable agricultural commodities received by a...dealer...in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such...dealer...in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. 7 U.S.C. §499e(c)(2) (Supp. 1986).

Accordingly, as soon as Defendants herein received the produce sold by Plaintiff, the PACA Trust was created by operation of law.

## B.    There Is No Tracing Requirement For The PACA Trust

The PACA Amendment does not require tracing and therefore trust assets are to be preserved as a non-segregated "floating trust." In addition, the amendment acknowledges that commingling is contemplated. If a dispute arises regarding the identification of the trust assets, the debtor has the burden to establish what, if any, assets are not subject to the PACA Trust. *See, In re Fresh Approach*, 51 B.R. 412, 422 (Bankr. N.D. Texas 1985) ["*Fresh Approach II*"], a seminal judicial decision analyzing the impact of the statutory trust provisions.

1   In accordance with legislative directives, the court in *Fresh Approach II*
2   based its decision upon the Packers and Stockyards Act, 1921 [7 U.S.C. §181, et
3   seq.] (hereinafter "PSA"), and its subsequent line of cases, concluding that the trust
4   created by the PACA was intended to be a "floating non-segregated statutory
5   trust," to which  claimants need not trace funds. *See, In re Monterey House*, 71
6   B.R. 244, 247 (Bankr. S.D. Texas 1986).  Furthermore, the court in *First State*
7   *Bank v. Gotham Provision Co. (In re Gotham Provision Co.)*, 699 F.2d 1000, 1011
8   (5th Cir. 1982) (hereinafter "*Gotham*"), in holding that the PSA established a
9   floating trust, stated:

> [W]here trust funds are commingled with funds not subject to
> the trust, a lien on the entire commingled fund exists for the
> benefit of the beneficiaries of the trust.

The *Gotham* court further held that when commingling occurs, the only
burden on the unpaid cash sellers is to prove the balance due to them and the
existence of a floating pool of commingled inventories of livestock products,
accounts receivable and proceeds derived from cash and credit sales.  Id.  The
court in *Gotham*, however, clearly placed the burden on the bankruptcy trustee
(and the lending institution) to show that the receivables were not subject to the
PACA trust.  Id. at 1012. *In re Hancock-Nelson Mercantile, Inc.*, 95 B.R. 982
(Bankr. N.D. Minn. 1989); *In re W.L. Bradley Company, Inc.*, 75 B.R. 505 (E.D.
Pa. 1987).

*In re Kornblum & Co., Inc.*, 81 F.3d 280 (2nd Cir.N.Y. 1996) is particularly
instructive because of its analysis of the issue of what property makes up the
corpus of the PACA Trust.  The *Kornblum* court rejected the debtor's contention
that the only assets that are held in trust for a particular PACA beneficiary are the
specific produce or proceeds supplied by that beneficiary.  The court accepted the
beneficiaries' argument that the res of the PACA Trust is not so limited and that "a
single PACA trust exists for the benefit of all of the sellers to a Produce Debtor,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  and continues in existence until all of the outstanding beneficiaries have been paid

2  in full."

3      The *Kornblum* court set forth a three-prong test for analyzing whether

4  specific property is part of the PACA Trust. In order to prove that the property is

5  not part of the PACA Trust, the debtor has the burden to establish either that (1) no

6  PACA trust existed when the specific property was purchased; (2) even though a

7  PACA Trust existed at that time, the property was not purchased with trust assets;

8  or (3) although a PACA Trust existed when the property was purchased and the

9  property was purchased with trust assets, the debtor thereafter paid all unpaid

10  sellers in full prior to the transactions involving the creditors, thereby terminating

11  the trust.

12      Moreover, in *In re Atlantic Tropical Market Corporation*, 118 B.R. 139

13  (Bankr. S.D. Fla. 1990), the court held that the PACA trust fund is established

14  upon the commencement of the purchaser's produce related business. The court

15  held that any business assets purchased by one who is in the business of buying

16  and selling produce will be presumed to have been purchased with PACA trust

17  assets, and any such assets may thus be viewed as collateral until the PACA trust

18  claim has been paid in full. *See also, Sanzone-Palmisano Company v. M. Seaman*

19  *Enterprises, Inc.*, 986 F.2d 1010 (6th Cir. 1993).

20      Accordingly, the PACA beneficiary is not required to trace trust funds. To

21  the extent any dispute arises regarding the trust assets, it is the Debtor who must

22  prove which assets, if any, are not subject to the trust. In re Fresh Approach, supra.

23      Defendants are required by federal statute to hold all perishable agricultural

24  commodities, the inventories of food or other products derived from the perishable

25  agricultural commodities and the receivables and proceeds from the sale of the

26  perishable agricultural commodities in trust for the PACA beneficiaries. In the

27  event these liquid and intangible assets are insufficient to fully satisfy Plaintiff's

28  trust claims, Plaintiff may look to other assets of Defendants for security of its trust

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  claims.  Defendants herein have failed or otherwise refused to perform their

2  statutory duties and Plaintiff is therefore entitled to injunctive relief, which will

3  require Defendants to set aside sufficient assets to fully satisfy their statutory trust

4  obligations and which will restrain Defendants from any dissipation of the assets

5  required to be held in trust.

6  **C.**    **Defendants are "Dealers" As Defined by the Perishable**

7  **Agricultural Commodities Act.**

8  Defendants are "dealers" under the PACA and are, therefore, subject to the

9  PACA Trust Amendment.  7 U.S.C. §499e(a) and (c)(2). Specifically, the PACA

10  Amendment and its regulations defines "dealer" as follows:

11  "Dealer" means any person engaged in the business of
   buying or selling in wholesale or jobbing quantities in
12  commerce . . . :

13  7 U.S.C. §499a(6)

14  "Wholesale or jobbing" quantities is defined in the PACA regulations (7

15  C.F.R. §46.2(x)) as 2,000 pounds in any given day, either shipped, received, or

16  contracted to be received.  As demonstrated in the declaration of Manuel Reynoso,

17  Defendants have purchased quantities in excess of 2,000 pounds in one day from

18  Plaintiff alone.

19  In addition to purchasing the required quantity in any given day, in order to

20  be a "dealer" under the PACA and required to obtain a PACA license, an entity

21  must purchase at least $230,000.00 worth of produce in any calendar year.  See 7

22  C.F.R. §46.2(m) which states:

23  ""Dealer" means any person engaged in the business of
   buying and selling in wholesale or jobbing quantities in
24  commerce and includes:

25

26  (1) Jobbers, distributors, and other wholesalers;

27

28  (2) Retailers, when the invoice cost of all produce exceeds
   $230,000.00 during a calendar year. . ."

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

As demonstrated by the declaration of Manuel Reynoso, Defendants purchased $909,028.61 worth of produce from Plaintiff alone between February 2006 and December 2007, and in the calendar year of 2007, Defendants purchased a combined total of $428,443.61 worth of produce from Plaintiff alone.

Defendants are therefore unquestionably subject to PACA and are therefore subject to all PACA rules and regulations.

**D.    The Produce Sold By Plaintiff Moved In And/Or In Contemplation Of Interstate Or Foreign Commerce**

To qualify for protection under the PACA, the perishable agricultural commodities must have been bought or sold in the course of or in contemplation of foreign interstate commerce.  7 U.S.C. §499a(6).  The produce that was sold to Defendants clearly moved in the stream of "interstate commerce" as that term has been defined by the case law.

For example, *Fresh Approach II* discussed "interstate commerce" and held that interstate commerce is established where the debtor purchases produce from both out-of-state vendors and in-state vendors who acquired produce from out-of-state sources.  See *Fresh Approach II*, 51 B.R. at 424-28.  Id. at 425.  Specifically, the court stated:

> In the case at bar, Debtor was one of the intermediaries in the stream of commerce flowing from the producers in various states to the consumers in Dallas, Texas.  While it is true that a segment of that stream was wholly within the state of Texas, i.e., from [the PACA beneficiary] to Debtor, it cannot reasonably be denied that all parties contemplated a transaction having the practical effect of providing access for Texas consumers to produce grown in other states.  Id. at 426.

Further, one court specifically held that PACA trust protection also extends to intrastate transactions by any "commissioned merchants, dealer, or broker" as

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1   defined under the PACA. *J.R. Brooks & Son, Inc. v. Norman's Country Market,*

2   *Inc.*, 98 B.R. 47, 49-50 (Bankr. N.D. Fla. 1989).

3       The declaration of Plaintiff's representative filed in support hereof verify

4   that the produce sold in the subject transactions were sold in, and in contemplation

5   of, interstate commerce.

6       Accordingly, the transactions at issue are within the scope of PACA and its

7   statutory trust provisions.

8

9   **E.    Plaintiff Perfected Its Right To PACA Trust Benefits By Issuing
        Invoices That Contain All Language Necessary To Preserve
        Plaintiff's PACA Trust Rights in Compliance with 7 U.S.C.
        §499e(c)(4)**

10

11

12      Plaintiff is and during all times herein were a PACA licensee.    See

13  Declarations of Plaintiff's representatives filed simultaneously herewith.  Pursuant

14  to the 1995 Amendments to the Act, PACA licensees, such as Plaintiff herein, may

15  preserve PACA trust rights by using ordinary and usual invoice statements to

16  provide notice of the licensees' intent to preserve its trust benefits.  7 U.S.C.

17  §499e(c)(4).  Thus, under the terms of the 1995 PACA Amendments, a licensee

18  who includes the following statement on the face of its invoices will have perfected

19  its PACA trust rights:

20      "The perishable agricultural commodities listed on this
        invoice are sold subject to the statutory trust authorized by
21      section 5(c) of the Perishable Agricultural Commodities Act,
        1930 (7 U.S.C. §499e(c)).  The seller of these commodities
22      retains a trust claim over these commodities, all inventories
        of food or other products derived from these commodities,
23      and any receivables or proceeds from the sale of these
24      commodities until full payment is received."  7 U.S.C.
        §499e(c)(4).
25

26

27      As is self-evident from the copies of Plaintiff's invoices for the subject

28  transactions (attached as Exhibits to the Plaintiff's Declaration) all of the unpaid

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

invoices included the above-quoted language, verbatim, on their face. Consequently, Plaintiff qualifies as a trust beneficiary under the PACA for all transactions which are the subject of those invoices. Therefore, this threshold requirement of the PACA Amendment has been satisfied.

### F.    Defendants Failed To Establish A PACA Trust For The Protection of the PACA Beneficiaries

Defendants were required by the PACA Amendment to hold:

> [A]ll inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products...in trust for the benefit of...[the PACA Beneficiary] until *full payment* of the sums owing in connection with such transactions has been received by...[the PACA Beneficiary]. [7 U.S.C. §499e(c)(2).] (Emphasis added).

Defendants failed and refused, and continue to fail and refuse, to preserve the PACA assets as required by the Act and by Defendants' actions and admissions, have insufficient trust assets to pay the amounts protected under the trust. See Declaration of Plaintiff's representatives filed simultaneously herewith. As such, Defendants are in violation of 7 U.S.C. §499e et seq. *See, In re Nagelberg & Co., Inc.*, 84 B.R. 19 (Bankr. S.D.N.Y. 1988), which confirms that dissipation of PACA trust assets results from any act which could result in the diversion of such assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions. See also, 7 C.F.R. §46.46 (b)(2).

Moreover, during all times herein, the Individual Defendants held positions from where they could exercise control over the PACA trust assets which are the subject of this action. As such, the Individual Defendants are individually liable for M&C's failure to preserve the statutory trust assets. *See Fillipo v. S. Bonaccurso & Sons, Inc.*, 466 F.Supp. 1008, 1016 (E.D. Pa 1978); *Hendrick v. S.*

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

*Bonaccurso & Sons, Inc.*, 466 F.Supp. 1025 (E.D. Pa 1978); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346 (S.D.N.Y. 1993); *In re Harper*, 150 Bankr. Rptr. 416 (E.D. Tenn. 1993); *Mid-Valley Produce Corp. v. 4-XXX Produce Corp.*, 819 F.Supp. 209 (E.D.N.Y. 1993). *See also Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280 (9th Cir. 1997), which held that those in positions to control assets of the PACA trust, and who have breached their fiduciary duty to preserve those assets, may be held personally liable under the PACA. *See also, In re Harper*, 150 Bankr. Rptr. 416 (E.D. Tenn. 1993); and Bartholomew M. Botta, *Personal Liability for Corporate Debts: The Reach of the Perishable Agricultural Commodities Continues to Expand*, 2 DRAKE J.AG.LAW 339 (Winter 1997).

## G.    All Of The Threshold Prerequisites To The PACA Beneficiary's Right To Recovery Under The PACA Amendment Have Been Established

Plaintiff has established that it is entitled to enforce its trust claim against Defendants for the perishable agricultural commodities sold to Defendants. Specifically, the evidence shows that Plaintiff established:

1.    The PACA Amendment creates a trust for the benefit of the PACA Beneficiary;

2.    There is no tracing requirement for the PACA Trust;

3.    Defendants are dealers and statutory trustees under the PACA;

4.    The perishable agricultural commodities sold by the PACA Beneficiary moved in the course of or in contemplation of foreign and interstate commerce;

5.    Plaintiff perfected its right to the trust assets by including the statutory trust language on its invoices and thus has a valid PACA trust claim against Defendants in the principal amount of at least $88,753.30.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

6.  Defendants failed to maintain the PACA trust assets sufficient to protect Plaintiff, and dissipated and will be dissipating trust assets absent injunctive relief; and,

7.  The Individual Defendants were officers, directors and/or shareholders of MAMM. who were in positions to control the PACA trust assets that are the subject of this action, and by breaching their fiduciary duty to the PACA beneficiary, are personally liable for the unpaid PACA trust claim.

Accordingly, this Court should find that Defendants were and are obligated to promptly pay Plaintiff the principal amount of at least $88,753.30, plus recoverable attorney's fees and costs in the amount of $4,120.00 and finance charges totaling $3,966.22, all of which is protected under the provision of the PACA trust, as detailed in the Ex Parte Application.

### III.

### THE TRUST CLAIM OF THE PACA BENEFICIARY IS SUPERIOR TO AND TAKES PRIORITY OVER ALL OTHER SECURED OR UNSECURED CLAIMS AGAINST DEFENDANTS

The unambiguous wording of the PACA Amendment compels this Court to give Plaintiff's trust claims priority over all other secured or unsecured claims against Defendants. Legislative history concerning the PACA amendment makes it clear that it is intended to protect sellers of perishable agricultural commodities. The agriculture industry is unique because of the short life span of agriculture products. Thus, Congress recognized that the industry itself must be protected and therefore, through PACA, granted priority status to sellers of produce over other lenders who take liens on accounts, inventory and the proceeds thereof. [7 U.S.C. §499e(c)(1)] (Supp. 1986).

In addition to the amendment itself, judicial decisions consistently affirm that a PACA Trust Beneficiary's trust claim has priority over other secured and

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

unsecured claims. *See, In re Monterey House, Inc.*, *supra*, at 249; *accord, In re Milton Poulos, Inc.*, 947 F.2d 1351 (9th Cir. 1991); *See also, In re Prange Foods Corp.*, 63 B.R. 211 (Bankr. W.D. Mich. 1986). For example, *In Fresh Approach II*, *supra*, at p. 420-422, the court describes the priority of the PACA claimant's interest by holding:

> It is clear from the terms of the PACA Amendments and the supporting legislative history that Congress intended to create a priority status for unpaid claimants, priming even the administrative claims which normally stand first in line in a bankruptcy distribution. To approve a plan which grants anything but such a priority would be in direct contravention of the purpose and intent of the PACA amendments. (Emphasis in original). 51 B.R. at 420.

See also, *C.H. Robinson Company v. Alanco Corp.*, 239 F.3d 483 (2nd Cir. 2001) which held:

> Allowing a … PACA trustee to pay any other creditors with, PACA funds before the Seller is paid in full would frustrate [PACA's] purpose, and would be contrary to the language of PACA and its accompanying regulations. **PACA trust beneficiaries are entitled to full payment <u>before</u> trustees may lawfully use trust funds to pay any other creditors."** Id. at 488 (Emphasis added.)

Based upon the foregoing authorities, the PACA trust beneficiary unquestionably enjoy a priority status over all other creditors of Defendants, including secured creditors.

## IV.

## PLAINTIFF WILL SUFFER IRREPARABLE INJURY ABSENT THE ISSUANCE OF INJUNCTIVE RELIEF BY THIS COURT

The traditional elements for injunctive relief are: (a) irreparable harm; (b) probable success on the merits; (c) harm to the Plaintiff which outweighs the harm to the opposing party; and, (d) whether the public interest will be served by granting the proposed relief. *Dollar-Rent-a-Car of Washington v. Travelers*

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

*Indemnity*, 774 F.2d 1371, 1374 (9th Cir. 1985).  See also Federal Rules of Civil Procedure Rule 65(b).

<u>These elements are satisfied where sellers of perishable agricultural produce are not paid by the buyer for such produce and the seller demonstrates: (1) dissipation of the PACA trust assets; and (2) the buyer's general financial instability.</u>  *Tanimura and Antle, Inc., et al. v. Packed Fresh, Inc.*, et. al., 222 F.3d 132, 140-141 (3d Cir. 2000).

Because PACA is remedial legislation, it must be construed broadly to effectuate its purpose of ensuring payment to unpaid produce sellers who qualify as PACA trust beneficiaries.  Therefore, PACA trust dissipation constitutes irreparable harm and will satisfy the irreparable harm requirement for preliminary injunctive relief, especially where Plaintiffs submit evidence that the trust is being depleted and payment is not readily forthcoming or available.  *Tanimura and Antle, Inc., et al. v. Packed Fresh Produce, Inc.*, et al., 222 F.3d at 140-141.

In the *Tanimura and Antle, Inc., et al v. Packed Fresh Produce, et al.* case, Plaintiff sought a Temporary Restraining Order to, among other things, prevent further dissipation of the PACA trust assets.  After hearing, the District Court denied injunctive relief because (1) it believed the Plaintiffs had an adequate remedy at law; and (2) it believed injunctive relief to be futile when the PACA trust assets were already depleted.  Id. at 134.

On appeal, the District Court's denial of injunctive relief was <u>reversed</u>.  In concluding that injunctive relief should have been granted, the Court of Appeal explained:

> [W]e conclude that an adequate remedy at law does not exist, and that injunctive relief to prevent dissipation of PACA trust assets may issue, when it is shown that the trust is being depleted and the likelihood is great that there will be no funds available to satisfy a legal judgment against the delinquent buyer. *Id.* at 139.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

With specific reference to the irreparable harm requirement, the Court noted that Plaintiffs in the Packed Fresh Produce case suffered irreparable injury as soon as the trust was depleted and payment was not readily forthcoming or available. *Id.* at 140-141.

Numerous federal courts across the country have held that PACA trust dissipation satisfies the irreparable harm requirement for injunctive relief if, absent such relief, ultimate recovery is rendered unlikely. For example, *See Continental Fruit Co. v. Gatziolis & Co.*, 74 F.Supp. 453 (N.D. Ill. 1991) (finding irreparable harm because, absent injunctive action, potential trust dissipation would contravene PACA and permanently injure the trust beneficiary when the trustee had limited assets); *Gullo Produce Co., v. A.C. Jordan Produce Co.*, 751 F.Supp. 64, 67 (W.D.Pa. 1990) (concluding that Plaintiffs "have suffered and will continue to suffer immediate and irreparable harm if the Defendant is not restrained from using or otherwise dissipating the trust assets" when the Defendant's insolvency precluded recovery); *DeBruyn Produce, Co. v. Olympic Produce Co.*, 734 F.Supp. 483, 485-86 (N.D.Ga. 1989) (granting injunctive relief in the form of a segregated trust because the Plaintiffs, in light of the Defendant's troublesome financial situation, would suffer irreparable harm if unable to collect its receivables).

Plaintiff has submitted substantial evidence of dissipation of PACA trust assets and Defendants' general financial instability.[1] Specially, Plaintiff demanded payment from Defendants on dozens of occasions via telephone calls in addition to sending invoices requesting payment. Despite these efforts, payment has not been received. Further Defendants admitted to Plaintiff that the money is due, but nevertheless failed and refused to pay any portion of the debt despite repeated promises to do so. Also, Defendants are on the process of selling their stores.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

---

[1]     Notably, the evidence submitted here is exactly the same sort of evidence submitted in the *Packed Fresh Produce* matter and which the Court of Appeal deemed sufficient when concluding that injunctive relief should issue.

For these reasons, adequate evidence exists to establish that Defendants dissipated PACA trust assets, failed to maintain trust assets in amounts sufficient to fully pay Plaintiff for the produce which is the subject of this dispute and are likely unable to fully repay the debt. On that basis alone, Plaintiff has adequately satisfied the irreparable harm requirement necessary for injunctive relief.

Finally, it should be noted that Congress, in establishing the trust over perishable agricultural commodities and their proceeds, recognized the risks and hardships inherent in being a grower and shipper of perishables and the irreparable harm which will result when an insolvent purchaser cannot pay the grower in a timely manner. Specifically, Congress has stated:

> The process of growing, harvesting, packing and shipping perishables is a real gamble; costs are high, capital and returns are delayed until the crop is sold. If the grower-shipper cannot realize any returns on the sale of the crop when due, he may not be able to survive. Thus, where business failures or reorganizations occur on the part of buyers of their crop, the growers are usually the parties least able to withstand the losses and inevitable delays which result from such actions. [Perishable Agricultural Commodities Act of 1930, Amendments, H.R. No. 98-543 (1984)].

Thus, Congress clearly acknowledged that when a supplier of perishable agricultural commodities is not paid by a purchaser, the supplier is exposed to irreparable harm to such a degree that the supplier may not even be able to survive. Accordingly, the PACA trust was created to remedy these potentially devastating risks to the suppliers by imposing a trust in favor of that supplier on the inventories of commodities and products derived therefrom and upon all proceeds of sales of such commodities and products in the hands of the commission merchant, dealer or broker. *Fresh Approach II*, 51 B.R. at 421.

The purpose of the PACA trust can only be accomplished if the corpus of the trust is maintained for the benefit of the unpaid supplier until full payment has

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

been made for all commodities purchased. *In re Annde Foods, Inc.*, 110 B.R. 346 (Bankr. N.D. Ill., 1989). Therefore, unless the relief requested by Plaintiff is issued to protect the trust rights of Plaintiff, there is the very real possibility that Plaintiff's trust rights may effectively be eviscerated. Parenthetically, because several months elapsed between when the TRO was first denied by the District Court in the *Packed Fresh* case and when it was finally entered after appeal, the PACA trust assets were dissipated and the PACA trust beneficiaries remain unpaid. <u>Plaintiff asks this Court, in the exercise of its sound discretion, to minimize any prospects of such a repeat occurrence in the current case and to immediately require Defendants to preserve trust assets in a manner that they are guaranteed to be available to satisfy Plaintiff's trust claim.</u>

For these reasons, Plaintiff will be irreparably harmed by the continued dissipation of trust assets if Defendants are not restrained from spending, diverting or distributing any funds before a hearing can be had on the merits of Plaintiff's complaint. Moreover, Defendants must be compelled to establish a segregated account into which trust funds must be placed in an amount sufficient to satisfy Plaintiff's claims. In the event the Court is inclined to hear this matter after notice despite the above, Plaintiff urge the court to set the hearing on an emergency basis not to exceed 24 hours.

Plaintiff has established that their claim to the trust assets is prior in right to all others. The trust interests of Plaintiff will be irreparably harmed if Defendants remain free to divert trust assets to third parties and Plaintiff does not receive payment. Further loss or dissipation of product proceeds or receivables held in trust by Defendants can only be prevented if the Court requires Defendants to segregate sufficient assets by depositing funds with the Court or in the alternative, depositing sufficient funds in a separate, trust account to be established by counsel herein.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Finally, success on the merits of this particular action is highly likely. Defendants do not dispute that it has not paid Plaintiff for the produce transactions at issue. Moreover, it is clear that Plaintiff fully perfected its trust claim under the Act.

**V.**

**NO BOND SHOULD BE REQUIRED TO GRANT PRELIMINARY RELIEF**

No bond should be required to be posted as a condition of preliminary relief. Federal Rule of Civil Procedure 65(c) speaks of requiring a bond "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." However, the court has the discretion to dispense with the requirement of a bond completely under appropriate circumstances or to require a nominal bond. *Sundor Brands, Inc. v. Borden, Inc.*, 653 F. Supp. 86, 93 (M.D. Fla. 1986). *See also, California ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1324-25, *as amended*, 775 F.2d 998 (9th Cir. 1985); *Wayne Chemical, Inc. v. Columbus Agency Serv. Corp.*, 567 F.2d 692, 701 (7th Cir. 1977).

In the instant matter, Defendants are to be ordered simply to comply with the trust provisions of the PACA. As it is required to do by law, Defendants are to sequester the PACA trust assets to which it lacks equitable title and to use them for the statutorily mandated purpose of satisfying qualified PACA claims.

*The monies are clearly not Defendants' property.* Rather, Defendants merely hold them as trustee for Plaintiff. Accordingly, there is no potential harm to Defendants from an order compelling them to comply with the law and to set aside funds that are not Defendants' property.

Under these circumstances, no bond should be required. In none of the other reported cases under the PACA trust provisions in which preliminary relief was ordered, did the court require a bond. *See, e.g., J.R. Brooks & Son, Inc. v.*

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

*Norman's Country Mkt., Inc., supra,* 98 B.R. at 50-51; *In re W.L. Bradley Co.,* 75 B.R. 505, 513-14 (Bankr. E.D. Pa. 1987). *In Finest Fruits, Inc. v. Edward Boker, Inc.,* 86 Civ. 3903 (S.D.N.Y. May 30, 1986), in his bench ruling, District Judge Haight specifically and expressly held that no bond was necessary. A true and correct copy of this ruling is attached hereto and incorporated by reference as **Exhibit 2**.

Accordingly, Plaintiff submits that the posting of a bond should not be a condition of obtaining a temporary restraining order or preliminary injunction compelling Defendants to comply with the trust provisions of the PACA and to set aside the trust funds in their possession. Alternatively, should this Court feel some bond is appropriate, no more than a nominal bond should be required.

**VI.**

**THE PACA TRUST BENEFICIARY IS ENTITLED TO RECOVER ATTORNEY'S FEES AND COSTS EXPENDED TO RECOVER AMOUNTS DUE AS WELL AS PREJUDGMENT AND POSTJUDGMENT INTEREST PURSUANT TO THE PROVISIONS OF THE PACA TRUST AND SPECIFIC AGREEMENT**

PACA trust beneficiaries who are compelled to bring a lawsuit to prevent dissipation of PACA trust assets are entitled to recover reasonable attorney fees and other costs incurred thereby. *In re Monterey House, Inc.,* 71 B.R. 244 (Bankr. S.D. Texas 1986). *See also, In re Milton Poulos, Inc.,* 71 B.R. 244, 248 (Bankr. S.D. Tex. 1986); *Continental Sales Co. v. Billings,* No. 4-93-2763 (S.D. Tex. Mar. 6, 1996).

Furthermore, the sales agreements for the subject transactions between Plaintiff and Defendants included a provision for reimbursement of attorney's fees in the event litigation is commenced to recover the sums due under the invoices. See, Group Exhibit 1 appended to the declaration of Manuel Reynoso. In addition,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

Plaintiff's invoices contained additional language for finance charges at the rate of 1.5% per month (18% annually).   *See again,* Group Exhibit 1 appended to the Declaration of Manuel Reynoso, Plaintiff's representative, filed herewith.   Under these circumstances, the Ninth Circuit has held that attorney's fees incurred by an unpaid produce supplier in connection with enforcing PACA trust rights plus written terms for recovery of finance charges, are to be included within the PACA trust claim.   *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.,* 307 F.3d 1220 (9th Cir. 2002); (when invoices provide for recovery of attorney's fees and finance charges, those fees and charges are to be considered sums 'in connection with' the produce transactions).

For these reasons, Plaintiff requests that they be reimbursed all interest, costs, and attorney's fees incurred in bringing this action.

## VII.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause re preliminary injunction should be granted.

RYNN & JANOWSKY, LLP

DATED: March 18, 2008

By:

BART M. BOTTA, Attorneys for Plaintiff

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1   R. JASON READ, State Bar No. 117561
2   BART M. BOTTA, State Bar No.167051
    RYNN & JANOWSKY, LLP
3   4100 Newport Place Drive, Suite 700
    Newport Beach, CA 92660-2423
4   Telephone: (949) 752-2911
    Facsimile: (949) 752-0953
5   Jason@rjlaw.com
6   Bart@rjlaw.com

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

FILED
CLERK, U.S. DISTRICT COURT
OCT - 4 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

7   Attorneys for Plaintiffs
    VAL-PRO, INC., d/b/a VALLEY FRUIT & PRODUCE CO.

8

9                     UNITED STATES DISTRICT COURT

10   FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12   VAL-PRO, INC., a corporation d/b/a
      VALLEY FRUIT & PRODUCE
      COMPANY;

CASE NO. **CV07-06400 JFW** JTLx

[PROPOSED] TEMPORARY
RESTRAINING ORDER AND ORDER
TO SHOW CAUSE RE
PRELIMINARY INJUNCTION AND
PROPOSED PRELIMINARY
INJUNCTION

13

14                   Plaintiffs,

15         v.

16   NORTHRIDGE PRODUCE, INC., a
17   corporation; RANDY K. TOMINAGA, an
    individual; JANINE TOMINAGA, an
18   individual, JAIME MARTINEZ, an
    individual; MARTINA MARTINEZ, an
19   individual,

20                 Defendants.

ENTERED
CLERK, U.S. DISTRICT COURT
OCT - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

21

22

23         Upon review of the ~~First Amended~~ Complaint of Plaintiff, VAL-PRO, INC., a

24   corporation doing business as VALLEY FRUIT & PRODUCE COMPANY (hereinafter

25   referred to as "Valley Fruit" or "Plaintiff"), on file in the above-captioned action, and the

26   declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiff's

27   Application for a Temporary Restraining Order and/or Preliminary Injunction submitted

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

EXHIBIT 1

⑨

[PROPOSED] TRO

1

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1   therewith, and it appearing to the satisfaction of the Court that this is a proper case for

2   granting a Temporary Restraining Order and Order to Show Cause.

3        IT IS HEREBY ORDERED that Defendants NORTHRIDGE PRODUCE, INC.

4   ("NPI");  JAIME  MARTINEZ  ("JM"),  and  MARTINA  MARTINEZ  ("MM"),

5   (collectively referred to as "Defendants") appear in Courtroom _16_ of the U.S. District

6   Court for the Central District of California, Los Angeles Division, 312 North Spring

7   Street, Los Angeles, CA 90012-4701 on _October 19_, ~~2006~~ 2007, at _10:00_ a.m., or as

8   soon thereafter as the matter may be heard, then and there to show cause, if any they

9   have, why they, their agents, bankers, subsidiaries, successors, assignees, principals,

10  employees, attorneys, and representatives should not be restrained and preliminarily

11  enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of

12  Civil Procedure, from engaging in, committing, or performing directly and indirectly, any

13  and all of the following acts:

14       A.       Removing, withdrawing, transferring, assigning or selling to any other

15  person or entity, the proceeds from the sales of any or all existing or future inventories of

16  food or other products derived from perishable (including frozen) agricultural

17  commodities, and/or receipts of payment for products sold prior to the date of this order

18  and/or otherwise disposing of assets, books or funds;

19       B.       Taking any other action whatsoever which causes, has the effect of causing,

20  or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the

21  Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

22       C.       Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

23  through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

24       IT IS FURTHER ORDERED that Defendants, their owners, officers, directors,

25  agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons

26  acting in concert with them, appear at the same time and place to show cause, if any they

27  have, why they should not be commanded by order of this Court and required to

28  distribute PACA trust assets in the amount of at least $74,890.51, the cumulative amount

[PROPOSED] TRO                                           2

1  of the PACA Trust principal owing to Plaintiff, plus finance charges accrued through

2  October 1, 2007 in the amount of $4,006.48, plus reasonable attorney's fees in the

3  amount of $4,387.50, plus filing fees of $350.00, making in all the sum of $83,634.49 as

4  of the date hereof.

5  IT IS FURTHER ORDERED that pending the hearing and determination of the

6  foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries,

7  successors, assignees, principals, attorneys, and persons acting in concert with them shall

8  be and hereby are prevented from transferring, withdrawing or in any other manner

9  removing Perishable Agricultural Commodities Act [7 U.S.C. §499e et seq.] trust assets,

10  including funds on deposit in banking accounts held by or on behalf of Defendants, from

11  Defendants' banking accounts, including but not limited to Defendants' Citibank account

12  number 3554034433 and any other accounts subsequently discovered to be standing in

13  any Defendants' names.

14  IT IS FURTHER ORDERED that pending the hearing and determination of the

15  foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel,

16  agents, or representatives, shall be preliminarily enjoined from engaging in, committing,

17  or performing directly and indirectly, any and all of the following acts:

18  D.      Removing, withdrawing, transferring, assigning or selling to any other

19  person or entity, the proceeds from the sales of any or all existing or future inventories of

20  food or other products derived from perishable agricultural commodities, and/or receipts

21  of payment for products or crops sold prior to the date of this order and/or otherwise

22  disposing of assets, books or funds;

23  E.      Taking any other action whatsoever which causes, has the effect of causing,

24  or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

25  F.      Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

26  through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural

27  Commodities Act ("PACA")].

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

[PROPOSED] TRO

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G.    Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H.    Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiff for sale and collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

I.    Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above.    Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

J.    File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff and their counsel, agents, or representatives, shall have full and complete and continuing access to all of

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  Defendants' books and records, which shall include but not necessarily be limited to,

2  Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs,

3  bank statements and canceled checks; relating to Defendants' business and personal

4  financial status from commencement of Defendants' business activities forward for the

5  purpose of verifying Defendants' accountings required by this Order and for enforcement

6  of this Order.  Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow

7  inspection and copying of the books and records of said Defendants by Plaintiff or its

8  representatives at Defendants' place of business.

9      IT IS FURTHER ORDERED that pending the hearing and determination of the

10  foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to

11  depose, under oath, at reasonable times and places, upon at least 48 hours notice,

12  Defendants and/or Defendants' other principals, owners, directors, officers, shareholders,

13  employees, agents and accountants concerning any matter pertaining to any accounting

14  due pursuant to this Order, any books or records which Plaintiff are entitled to inspect

15  under this Order, the trust assets or any of Defendants' business assets, and/or

16  Defendants' business practices, procedures or operations from commencement of

17  Defendants' business activities.

18      IT IS FURTHER ORDERED that Plaintiff may immediately take whatever steps

19  are reasonably necessary to mitigate Plaintiff's damages by selling current inventory of

20  fresh herbs previously sold to Defendants but for which Defendants have not paid

21  Plaintiff, all such sales proceeds to be applied to Defendants' account.

22      IT IS FURTHER ORDERED that no bond shall be required to be posted by

23  Plaintiff before the Temporary Restraining Order is effective.

24      IT IS FURTHER ORDERED that Plaintiff shall *personally* serve Defendants with copies of

25  this Order and all pleadings and other papers in support of the Order on or before

26  October 8, 2007 by Federal Express with verification of receipt. Defendants shall file

27  an Opposition, if any, to the Order to Show Cause on or before 4:00 p.m. on

28  October 12, 2007, and shall personally serve Plaintiff's counsel with a copy of said

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    Opposition by said deadline.  Plaintiff shall file and serve a Reply to Defendants'

2    Opposition, if any, on or before _4:00_ p.m. on _October 16_, 2007

3

4    DATED: _October 4_, 2007

5                                          U.S. DISTRICT COURT JUDGE

6

7

8

9

10

11

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] TRO                                6



# ORIGINAL

1   LEWIS P. JANOWSKY, SBN 092735
2   ELISE O'BRIEN, SBN 245967
    RYNN & JANOWSKY, LLP
3   4100 Newport Place Drive, Suite 700
    Newport Beach, CA 92660
4   Telephone:  (949) 752-2911
5   Facsimile:  (949) 752-0953
6   E-Mail: rj@rjlaw.com

7   Attorneys for Plaintiffs
    PROGRESSIVE PRODUCE CORPORATION
8   dba PROGRESSIVE MARKETING GROUP and
9   GO-FRESH PRODUCE, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

13  PROGRESSIVE PRODUCE              CASE NO.
14  CORPORATION dba                  CV07-02013 FMC (PJUX)
    PROGRESSIVE MARKETING            [          ] TEMPORARY
15  GROUP, a corporation; GO-FRESH   RESTRAINING ORDER AND
16  PRODUCE, INC., a corporation,    ORDER TO SHOW CAUSE RE
                                     PRELIMINARY INJUNCTION
17          Plaintiffs,              AND PROPOSED PRELIMINARY
18                                   INJUNCTION
19          v.
20  FARM FRESH RANCH MARKET,
21  INC., a corporation; HOSSEIN
    SALEMI aka HENRY SALEMI, an
22  individual; SALFOLLAH DASSIAN
23  aka STEVE DASSIAN, an individual,
24          Defendants.
25
26      Upon review of the Complaint of Plaintiffs, PROGRESSIVE PRODUCE
27  CORPORATION dba PROGRESSIVE MARKETING GROUP ("Progressive")
28  and  GO-FRESH  PRODUCE,  INC.  ("Go-Fresh")  (collectively  hereinafter

07-141/TRO.doc

1

LAW OFFICES
RYNN & JANOWSKY, LLC
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

LODGED

1   "Plaintiffs"), on file in the above-captioned action, and the declarations, exhibits

2   and Memorandum of Points and Authorities in support of Plaintiffs' Motion for a

3   Temporary Restraining Order and/or Preliminary Injunction submitted therewith,

4   and any and all documents provided by Defendants FARM FRESH RANCH

5   MARKET, INC. ("FFRM"), HOSSEIN SALEMI aka HENRY SALEMI

6   ("Salemi"), and SALFOLLAH DASSIAN aka STEVE DASSIAN ("Dassian")

7   (collectively referred to as "Defendants") in opposition thereto, and it appearing to

8   the satisfaction of the Court that this is a proper case for granting a Temporary

9   Restraining Order and Order to Show Cause.

10      IT IS HEREBY ORDERED that Defendants appear in Courtroom ~~760~~ 750 of

11  the  U.S.  District  Court  for  the  Central  District  of  California,

12  _255 E. TEMPLE ST_, Los Angeles, California on _WED. APRIL 11, 2007_

13  2007, at _3:00 p_.m., or as soon thereafter as the matter may be heard, then and

14  there to show cause, if any they have, why they, their agents, bankers, subsidiaries,

15  successors, assignees, principals, employees, attorneys, and representatives should

16  not be restrained and preliminarily enjoined during the pendency of this action,

17  pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in,

18  committing, or performing directly and indirectly, any and all of the following

19  acts:

20      A.    Removing, withdrawing, transferring, assigning or selling to any other

21  person or entity, the proceeds from the sales of any or all existing or future

22  inventories of food or other products derived from perishable (including frozen)

23  agricultural commodities, and/or receipts of payment for products sold prior to the

24  date of this order and/or otherwise disposing of assets, books or funds;

25      B.    Taking any other action whatsoever which causes, has the effect of

26  causing, or which otherwise dissipates Plaintiffs' beneficiary interests in trust

27  assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e

28  _et seq._];

07-141/TRO.doc

LAW OFFICES
RYNN & JANOWSKY, LLC
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that Defendants, their owners, officers, directors, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by order of this Court and required to distribute PACA trust assets in the total amount of at least $81,626.48, which is $72,418.50 ($22,950.50 for Progressive; $49,468.00 for Go-Fresh) in the amount of the PACA trust principal owing to Plaintiffs, plus finance charges accrued through March 26, 2007 for Plaintiff Progress in the amount of $1,518.37, plus interest charges accrued through March 26, 2007 for Plaintiff Go-Fresh in the amount of $1,602.11, plus reasonable attorney's fees in the amount of $5,737.50 plus filing fees of $350.00.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, including but not limited to Defendants' account number 751007709 at Bank of the West, 1234 East Main Street, El Cajon, California 92021, and any other accounts subsequently discovered to be standing in any Defendants' names.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

07-141/TRO.doc

LAW OFFICES
RYNN & JANOWSKY, LLC
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

D.    Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

E.    Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

F.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA)].

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G.    Immediately account to the Court and Plaintiffs for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H.    Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiffs for sale and collection until Plaintiffs is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiffs' counsel without charge to the trust, and subject to Plaintiffs' counsel making a weekly accounting for all receivables received or collected by Plaintiffs' counsel in that regard. Plaintiffs' counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

I.    Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the

07-141/TRO.doc

LAW OFFICES
RYNN & JANOWSKY, LLC
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    time of the entry of this Order, or which Defendants obtain or which become

2    obtainable by Defendants after the entry of this Order, including but not limited to

3    checks representing payment for sales of inventory, and shall deliver said assets

4    within 48 hours of Defendants' receipt of them to Plaintiffs' counsel as set forth

5    above. Likewise, Defendants shall deliver any cash assets of the PACA trust

6    which are in its possession or are obtainable by Defendants at the time of the entry

7    of this order, or which Defendants obtain or which become obtainable by

8    Defendants after entry of this Order, within 48 hours of Defendants' receipt of

9    them to Plaintiffs' counsel.

10         J.    File weekly with this Court satisfactory evidence of compliance with

11    the terms of this Order.

12         IT IS FURTHER ORDERED that pending the hearing and determination of

13    the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs and their

14    counsel, agents, or representatives, shall have full and complete and continuing

15    access to all of Defendants' books and records, which shall include but not

16    necessarily be limited to, Defendants' accounts receivable and payable ledgers,

17    invoices, ledgers, computer runs, bank statements and canceled checks, relating to

18    Defendants' business and personal financial status from commencement of

19    Defendants' business activities forward for the purpose of verifying Defendants'

20    accountings required by this Order and for enforcement of this Order. Defendants

21    shall, upon 2 business days notice by Plaintiffs' counsel, allow inspection and

22    copying of the books and records of said Defendants by Plaintiffs or their

23    representatives at Defendants' place of business.

24         IT IS FURTHER ORDERED that pending the hearing and determination of

25    the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs shall be

26    entitled to depose, under oath, at reasonable times and places, upon at least 2

27    business days notice, Defendants and/or Defendants' other principals, owners,

28    directors, officers, shareholders, employees, agents and accountants concerning

07-141/TRO.doc

LAW OFFICES
RYNN & JANOWSKY, LLC
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1   any matter pertaining to any accounting due pursuant to this Order, any books or

2   records which Plaintiffs are entitled to inspect under this Order, the trust assets or

3   any of Defendants' business assets, and/or Defendants' business practices,

4   procedures or operations from commencement of Defendants' business activities.

5        IT IS FURTHER ORDERED that Plaintiffs are to serve copies of this Order

6   and all pleadings and other papers in support of the Order on or before

7   5:00 pm 3/28/07, Defendants shall file an Opposition, if any, to the Order to Show

8   Cause on or before 4:00 p.m. on APRIL 4, 2007 and shall personally

9   serve Plaintiffs' counsel with a copy of said opposition by the same deadline.

10  Plaintiffs shall file and serve on Defendants a Reply to Defendants' Opposition on

11  or before 4:00 p.m. on APRIL 9, 2007.

12       IT IS FURTHER ORDERED that no bond shall be required to be posted by

13  Plaintiffs before the Temporary Restraining Order is effective.

14

15

16  DATED: March 28, 2007          _____

                                   U.S. DISTRICT COURT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
RYNN & JANOWSKY, LLC
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

07-141/TRO.doc

1   R. JASON READ, State Bar No. 117561
2   BART M. BOTTA, State Bar No. 167051
    RYNN & JANOWSKY, LLP
3   4100 Newport Place Drive, Suite 700
    Newport Beach, CA 92660-2423
4   Telephone: (949) 752-2911

5   Attorneys for Plaintiffs
6   DAVALAN SALES, INC., and
    THE BANANA COMPANY

FILED
CLERK US DISTRICT COURT

OCT 26 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

        IN THE UNITED STATES DISTRICT COURT

    FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11  DAVALAN SALES, INC., a corporation;      CASE NO. CV-06-5699 FMC (RZx)
12  DAVALAN SALES, INC, a corporation
    trading as the BANANA COMPANY,
13
14              Plaintiffs,                  AMENDED
                                             TEMPORARY RESTRAINING
15      v.                                   ORDER AND ORDER TO SHOW
                                             CAUSE RE PRELIMINARY
16  A.S.A.   PRODUCE   CO.,   INC.,   a      INJUNCTION AND PROPOSED
    corporation; ALI MOEZZI, an individual, PRELIMINARY INJUNCTION
17
18              Defendants.
19

20      Upon review of the Complaint of Plaintiffs DAVALAN SALES, INC. ("DVI"),

21  and THE BANANA COMPANY ("TBC") (hereinafter referred to collectively as

22  "Plaintiffs"), on file in the above-captioned action, and the declarations, exhibits and

23  Memorandum of Points and Authorities in support of Plaintiffs' Motion for a Temporary

24  Restraining Order and/or Preliminary Injunction submitted therewith, and all documents

25  provided by Defendants A.S.A. PRODUCE CO., INC. ("A.S.A."), a corporation; and

26  ALI MOEZZI ("AM"), an individual; (hereinafter referred to collectively as

27  "Defendants"), in opposition thereto, if any, and it appearing to the satisfaction of the

28

[Proposed] Amended TRO.doc                   1

DOCKETED ON CM

OCT 27 2006

BY

1   Court that this is a proper case for granting a Temporary Restraining Order and Order to

2   Show Cause,                                                      #750

3        IT IS HEREBY ORDERED that Defendants appear in Courtroom ⟶ of the

4   U.S.-District Court for the Central District of California, Los Angeles Division, ~~312~~   255

5   ~~North Spring~~ E.TEMPLE Street, Los Angeles, CA 90012-4701 on _Nov. 8_ , 2006, at

6   2:30 _p_.m., or as soon thereafter as the matter may be heard, then and there to show

7   cause, if any they have, why they, their agents, bankers, subsidiaries, successors,

8   assignees, principals, employees, attorneys, and representatives should not be restrained

9   and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the

10  Federal Rules of Civil Procedure, from engaging in, committing, or performing directly

11  and indirectly, any and all of the following acts:

12       A.   Removing, withdrawing, transferring, assigning or selling to any other

13  person or entity, the proceeds from the sales of any or all existing or future inventories of

14  food or other products derived from perishable agricultural commodities, and/or receipts

15  of payment for products sold prior to the date of this order and/or otherwise disposing of

16  assets, books or funds;

17       B.   Taking any other action whatsoever which causes, has the effect of causing,

18  or which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the

19  Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

20       C.   Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

21  through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

22       IT IS FURTHER ORDERED that Defendants, their officers, directors, bankers,

23  agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons

24  acting in concert with them, appear at the same time and place to show cause, if any they

25  have, why they should not be commanded by order of this Court and required to

26  distribute PACA Trust assets in the amount of at least $45,143.79 which includes

27  $37,647.00, the cumulative amount of the PACA Trust principal owing to Plaintiffs, plus

28  $2,889.29 in finance charges through October 23, 2006, calculated at the agreed-upon

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

[Proposed] Amended TRO.doc                    2

1    rate of 1-1/2% per month, plus reasonable attorney's fees in the amount of $4,257.50 plus

2    filing fees of $350.00.

3         IT IS FURTHER ORDERED that pending the hearing and determination of the

4    foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries,

5    successors, assignees, principals, attorneys, and persons acting in concert with them shall

6    be and hereby are prevented from transferring, withdrawing or in any other manner

7    removing Perishable Agricultural Commodities Act [7 U.S.C. §499e et seq.] trust assets,

8    including funds on deposit in banking accounts held by or on behalf of Defendants, from

9    Defendants' banking accounts, including but not limited to Defendants' accounts at

10   Alliance Bank, 100 Corporate Pointe, Culver City, CA  90230, account no. 01027514, or

11   any other banking account subsequently determined to be standing in Defendants' names,

12   or any one of them.

13        IT IS FURTHER ORDERED that pending the hearing and determination of the

14   foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel,

15   agents, or representatives, shall be preliminarily enjoined from engaging in, committing,

16   or performing directly and indirectly, any and all of the following acts:

17        D.    Removing, withdrawing, transferring, assigning or selling to any other

18   person or entity, the proceeds from the sales of any or all existing or future inventories of

19   food or other products derived from perishable agricultural commodities, and/or receipts

20   of payment for products or crops sold prior to the date of this order and/or otherwise

21   disposing of assets, books or funds;

22        E.    Taking any other action whatsoever which causes, has the effect of causing,

23   or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

24        F.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

25   through  (4),  inclusive,  and  7 U.S.C. §499b(4)  [§2 of Perishable Agricultural

26   Commodities Act ("PACA)].

27

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1    IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to

2  promptly deposit the sums described above, Defendants shall be and hereby are required

3  and ordered to:

4        G.    Immediately account to the Court and Plaintiff for all assets of the PACA

5  trust from commencement of Defendants' business through the date of this Order.

6        H.    Immediately assign Defendants' produce related receivables to Plaintiffs

7  for collection until Plaintiffs are fully paid, and deposit and/or deliver complete accounts,

8  records, and information of all of said receivables to Plaintiffs' counsel without charge to

9  the trust, and subject to Plaintiffs' counsel making a weekly accounting for all receivables

10  received or collected by Plaintiffs' counsel in that regard.  Plaintiffs' counsel shall act as

11  trustee in connection with its duties of collection of the accounts receivable and shall

12  deposit any cash assets of the trust which are collected under this order in a trust account.

13        I.    Endorse any checks made, endorsed or paid, to Defendants which are trust

14  assets and which are in their possession or obtainable by Defendants at the time of the

15  entry of this Order, or which Defendants obtain or which become obtainable by

16  Defendants after the entry of this Order, including but not limited to checks representing

17  payment for sales of growing crops, and shall deliver said assets within 48 hours of

18  Defendants' receipt of them to Plaintiffs' counsel as set forth above.    Likewise,

19  Defendants shall deliver any cash assets of the PACA trust which are in its possession or

20  are obtainable by Defendants at the time of the entry of this order, or which Defendants

21  obtain or which become obtainable by Defendants after entry of this Order, within 48

22  hours of Defendants' receipt of them to Plaintiffs' counsel.

23        J.    File weekly with this Court satisfactory evidence of compliance with the

24  terms of this Order.

25        IT IS FURTHER ORDERED that pending the hearing and determination of the

26  foregoing Order to Show Cause, and continuing thereafter, Plaintiffs and their counsel,

27  agents, or representatives, shall have full and complete and continuing access to all of

28  Defendants' books and records, which shall include but not necessarily be limited to,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

[Proposed] Amended TRO.doc                    4

1   Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs,

2   bank statements and canceled checks, relating to Defendants' business and personal

3   financial status from commencement of Defendants' business activities forward for the

4   purpose of verifying Defendants' accountings required by this Order and for enforcement

5   of this Order. Defendants shall, upon 2 business days notice by Plaintiffs' counsel, allow

6   inspection and copying of the books and records of said Defendants by Plaintiffs or their

7   representatives at Defendants' place of business.

8        IT IS FURTHER ORDERED that pending the hearing and determination of the

9   foregoing Order to Show Cause, and continuing thereafter, Plaintiffs shall be entitled to

10  depose, under oath, at reasonable times and places, upon at least 2 business days notice,

11  Defendants and/or Defendants' other principals, owners, directors, officers, shareholders,

12  employees, agents and accountants concerning any matter pertaining to any accounting

13  due pursuant to this Order, any books or records which Plaintiff is entitled to inspect

14  under this Order, the trust assets or any of Defendants' business assets, and/or

15  Defendants' business practices, procedures or operations from commencement of

16  Defendants' business activities.

17       IT IS FURTHER ORDERED that Plaintiff is to serve copies of this Order and all

18  pleadings and other papers in support of the Order on or before _10/27/06_.

19  Defendants shall file an Opposition, if any, to the Order to Show Cause on or before

20  _4⁰⁰_ p.m. on _11/2_, 2006 and shall personally serve Plaintiffs' counsel

21  with a copy of said opposition by the same deadline. Plaintiffs shall file and serve on

22  Defendants a Reply to Defendants' Opposition on or before _4⁰⁰_ p.m. on

23  _11/7_, 2006.

24       IT IS FURTHER ORDERED that no bond shall be required to be posted by

25  Plaintiff before the Temporary Restraining Order is effective.

26

27  DATED: _Oct 26, 2006_                    _Florence-Marie Cooper_

28                                          U.S. DISTRICT COURT JUDGE

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

[Proposed] Amended TRO.doc                    5

1   R. JASON READ, State Bar No. 117561

2   MINDY JAMES NILI, State Bar No. 197226

    RYNN & JANOWSKY, LLP

3   4100 Newport Place Drive, Suite 700

    Newport Beach, CA 92660-2423

4   Telephone: (949) 752-2911

     Priority ✓

5     Send

    Enter

  Attorneys for Plaintiff   Closed

6   GRANDVIEW RANCH, INC.   JS-5/JS-6

     JS-2/JS-3

7     Scan Only

FILED
CLERK, U.S. DISTRICT COURT
APR - 1 2004
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8       IN THE UNITED STATES DISTRICT COURT

9   FOR THE CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

10      CV 04 - 02159 JFW Ex

11   GRANDVIEW RANCH, INC., a   | CASE NO.

12   corporation,   |

13       Plaintiff,   | **[PROPOSED] TEMPORARY**

      | **RESTRAINING ORDER AND ORDER**

14     v.   | **TO SHOW CAUSE RE PRELIMINARY**

      | **INJUNCTION AND PROPOSED**

15   HALUM MARKETS, INC., a   | **PRELIMINARY INJUNCTION**

16   corporation doing business |

    as COACHELLA RANCH MARKET; |

17   ABSA, INC., a corporation |

    doing business as EL SUPER |

18   TORO LOCO; ABESUD D. HALUM, |

19   a/k/a ABBY HALUM, an |

    individual; MONA HALUM, an |

20   individual,   |

21       Defendants. |

22



DOCKETED ON CM
APR - 1 2004
BY _____ 002

23

24     Upon review of the Complaint of Plaintiff GRANDVIEW

25   RANCH, INC. (hereinafter referred to as "Grandview" or

26   "Plaintiff"), on file in the above-captioned action, and

27   the declarations, exhibits and Memorandum of Points and

28   Authorities in support of Plaintiff's Motion for a

04-138/ ProposedTRO



1  Temporary Restraining Order and/or Preliminary Injunction

2  submitted therewith, and as a result of all documents provided, by

3  Defendants HALUM MARKETS, INC. ("HMI"), a corporation doing

4  business as COACHELLA RANCH MARKET ("CRM"), ABSA, INC.

5  ("ABSA"), a corporation doing business as EL SUPER TORO

6  LOCO ("Toro Loco"), ABESUD D. HALUM, a/k/a ABBY HALUM

7  ("AH"), and MONA HALUM ("MH"), (hereinafter referred to

8  collectively as "Defendants"), failure to file an in opposition thereto, if

9  any, and it appearing to the satisfaction of the Court that

10  this is a proper case for granting a Temporary Restraining

11  Order and Order to Show Cause,

12      IT IS HEREBY ORDERED that Defendants HMI, CRM and ABSA

13  appear in Courtroom 16 of the U.S. District Court for the

14  Central District of California, 312 North Spring Street, Riverside Division, 3470

15  Los Angeles, CA 90012 Twelfth Street, Riverside, CA 92501 on March April 12 , 2004, at 1:30

16  p.m., or as soon thereafter as the matter may be heard,

17  then and there to show cause, if any they have, why they,

18  their agents, bankers, subsidiaries, successors, assignees,

19  transferees, principals, employees, attorneys, and

20  representatives should not be restrained and preliminarily

21  enjoined during the pendency of this action, pursuant to

22  Rule 65 of the Federal Rules of Civil Procedure, from

23  engaging in, committing, or performing directly and

24  indirectly, any and all of the following acts:

25      A. Removing, withdrawing, transferring, assigning or

26  selling to any other person or entity, the proceeds from

27  the sales of any or all existing or future inventories of

28  food or other products derived from perishable agricultural

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1   commodities, and/or receipts of payment for products sold

2   prior to the date of this order and/or otherwise disposing

3   of assets, books or funds;

4       B.   Taking any other action whatsoever which causes,

5   has the effect of causing, or which otherwise dissipates

6   Plaintiff's beneficiary interests in trust assets of the

7   Perishable Agricultural Commodities Act ("PACA") [7 U.S.C.

8   §499e et seq.];

9       C.   Taking any other action whatsoever which violates

10   7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.

11   §499b(4) [§2 of PACA].

12      IT IS FURTHER ORDERED that Defendants HMI, CRM and ABSA

13   and their fictitious businesses, their officers, directors,

14   bankers, agents, subsidiaries, successors, assignees,

15   principals, assignors, attorneys and persons acting in

16   concert with them, appear at the same time and place to

17   show cause, if any they have, why they should not be

18   commanded by order of this Court and required to distribute

19   PACA trust assets in the amount of at least $99,709.96,

20   which includes $97,989.20, the cumulative amount of the

21   PACA trust principal owing to Plaintiffs, plus $1,720.76 in

22   finance charges accrued from the dates of default for each

23   transaction through March 30, 2004 at the agreed-upon rate

24   of 1½% per month (18% annually).

25      IT IS FURTHER ORDERED that pending the hearing and

26   determination of the foregoing Order to Show Cause,

27   Defendants HMI, CRM and ABSA and their fictitious

28   businesses, their agents, bankers, subsidiaries,

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1  successors, assignees, principals, attorneys, and persons
2  acting in concert with them shall be and hereby are
3  prevented from transferring, withdrawing or in any other
4  manner removing Perishable Agricultural Commodities Act [7
5  U.S.C. §499e *et seq.*] trust assets, including funds on
6  deposit in banking accounts held by or on behalf of
7  Defendants, from Defendants' banking accounts, including
8  but not limited to Defendants' accounts at Banks (a) Valley
9  Independent Bank, 1491 Sixth Street, Coachella, CA 92236
10 account numbers 005513308, 005511976, and 005513022; (b)
11 Valley Independent Bank, 81-790 Highway 111, Indio, CA
12 92201 account no. 007504586; and, (c) California Bank &
13 Trust, 81701 US Highway 111, Indio, CA 92201 account no.
14 2460008751, or any other banking account subsequently
15 determined to be standing in Defendants' name's, or any one
16 of them.
17      IT IS FURTHER ORDERED that pending the hearing and
18 determination of the foregoing Order to Show Cause, and
19 continuing thereafter, Defendants and their counsel,
20 agents, or representatives, shall be preliminarily enjoined
21 from engaging in, committing, or performing directly and
22 indirectly, any and all of the following acts:
23      D.  Removing, withdrawing, transferring, assigning or
24 selling to any other person or entity, the proceeds from
25 the sales of any or all existing or future inventories of
26 food or other products derived from perishable agricultural
27 commodities, and/or receipts of payment for products or
28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1  crops sold prior to the date of this order and/or otherwise

2  disposing of assets, books or funds;

3      E.   Taking any other action whatsoever which causes,

4  has the effect of causing, or which otherwise dissipates

5  Plaintiff's beneficiary interests in the trust assets;

6      F.   Taking any other action whatsoever which violates

7  7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.

8  §499b(4) [§2 of Perishable Agricultural Commodities Act

9  ("PACA")].

10     IT IS FURTHER ORDERED that in the event Defendants lack

11  sufficient funds to promptly deposit the sums described

12  above, Defendants shall be and hereby are required and

13  ordered to:

14     G.   Immediately account to the Court and Plaintiff for

15  all assets of the PACA trust from commencement of

16  Defendants' business through the date of this Order.

17     H.   Immediately assign Defendants' produce related

18  receivables to Plaintiff for collection until Plaintiff is

19  fully paid, and deposit and/or deliver complete accounts,

20  records, and information of all of said receivables to

21  Plaintiff's counsel without charge to the trust, and

22  subject to Plaintiff's counsel making a weekly accounting

23  for all receivables received or collected by Plaintiff's

24  counsel in that regard.  Plaintiff's counsel shall act as

25  trustee in connection with its duties of collection of the

26  accounts receivable and shall deposit any cash assets of

27  the trust which are collected under this order in a trust

28  account.

1  I.  Endorse any checks made, endorsed or paid, to

2  Defendants which are trust assets and which are in their

3  possession or obtainable by Defendants at the time of the

4  entry of this Order, or which Defendants obtain or which

5  become obtainable by Defendants after the entry of this

6  Order, including but not limited to checks representing

7  payment for sales of growing crops, and shall deliver said

8  assets within 48 hours of Defendants' receipt of them to

9  Plaintiff's counsel as set forth above.    Likewise,

10 Defendants shall deliver any cash assets of the PACA trust

11 which are in its possession or are obtainable by Defendants

12 at the time of the entry of this order, or which Defendants

13 obtain or which become obtainable by Defendants after entry

14 of this Order, within 48 hours of Defendants' receipt of

15 them to Plaintiff's counsel.

16 J.  File weekly with this Court satisfactory evidence

17 of compliance with the terms of this Order.

18 ~~IT IS FURTHER ORDERED~~ that pending the hearing and

19 determination of the foregoing Order to Show Cause, and

20 continuing thereafter, Plaintiff and its counsel, agents,

21 or representatives, shall have full and complete and

22 continuing access to all of Defendants' books and records,

23 which shall include but not necessarily be limited to,

24 Defendants' accounts receivable and payable ledgers,

25 invoices, ledgers, computer runs, bank statements and

26 canceled checks, relating to Defendants' business and

27 personal financial status from commencement of Defendants'

28 business activities forward for the purpose of verifying

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1   Defendants' accountings required by this Order and for

2   enforcement of this Order. Defendants shall, upon 2

3   business days notice by Plaintiff's counsel, allow

4   inspection and copying of the books and records of said

5   Defendants by Plaintiff or its representatives at

6   Defendants' place of business.

7       IT IS FURTHER ORDERED that pending the hearing and

8   determination of the foregoing Order to Show Cause, and

9   continuing thereafter, Plaintiff shall be entitled to

10  depose, under oath, at reasonable times and places, upon at

11  least 2 business days notice, Defendants and/or Defendants'

12  other principals, owners, directors, officers,

13  shareholders, employees, agents and accountants concerning

14  any matter pertaining to any accounting due pursuant to

15  this Order, any books or records which Plaintiff is

16  entitled to inspect under this Order, the trust assets or

17  any of Defendants' business assets, and/or Defendants'

18  business practices, procedures or operations from

19  commencement of Defendants' business activities. personally

20      IT IS FURTHER ORDERED that Plaintiff is to serve copies

21  of this Order and all pleadings and other papers in support

22  of the Order on or before April 5, 2004. Defendants shall

23  file an Opposition, if any, to the Order to Show Cause on

24  or before 3:30 p.m. on April 8, 2004, 2004 and shall

25

26  / / /

27  / / /

28  / / /

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

1  personally serve Plaintiff's counsel with a copy of said

2  opposition by the same deadline.  Plaintiff shall file and

3  serve on Defendant a Reply to Defendants' Opposition on or

4  before 2:00 p.m. on April 9 , 2004.

5      IT IS FURTHER ORDERED that no bond shall be required to

6  be posted by Plaintiff before the Temporary Restraining

7  Order is effective.

8

9  DATED: 4/1/04

10                                      U.S. DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

04-138/ ProposedTRO                    8

1  R. JASON READ, SBN 117561
2  MINDY L. JAMES, SBN 197226
   RYNN & JANOWSKY
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA  92660
4  Telephone:   (949) 752-2911
5  Facsimile:   (949) 752-0953

6  Attorneys for Plaintiff
7  MALENA PRODUCE, INC.

FILED
CLERK US DISTRICT COURT

JUN 18 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

8             UNITED STATES DISTRICT COURT

9    FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10  MALENA PRODUCE, INC., a        CASE NO. 02-04795
11  corporation,

                                   [PROPOSED] TEMPORARY
12             Plaintiff,          RESTRAINING ORDER AND
                                   ORDER TO SHOW CAUSE RE
13        v.                       PRELIMINARY INJUNCTION AND
                                   PROPOSED PRELIMINARY
14                                 INJUNCTION
   HUGO IRAHETA, individually
15  and doing business as HUGO
   PRODUCE COMPANY,
16

17             Defendants.

18

19        Upon review of the Complaint of Plaintiff MALENA

20  PRODUCE, INC. ("Malena" or "Plaintiff"), on file in the

21  above-captioned action, and the declarations, exhibits and

22  Memorandum of Points and Authorities in support of

23  Plaintiff's Motion for a Temporary Restraining Order and/or

24  Preliminary Injunction submitted therewith, and any and all

25  documents provided by Defendants HUGO IRAHETA, individually

26  and doing business as HUGO PRODUCE COMPANY (hereinafter

27  referred to collectively as "Defendants") in opposition

28

02-168/Proposed TRO                    1

1  thereto, and it appearing to the satisfaction of the Court
2  that this is a proper case for granting a Temporary
3  Restraining Order and Order to Show Cause,

4     IT IS HEREBY ORDERED that Defendants appear in
5  Courtroom _750_ of the U.S. District Court for the Central
6  District of California, _255 E. Temple St._, Los Angeles,
7  California 90012 on _Tuesday July 2_, 2002, at _3:00 p.m._,
8  or as soon thereafter as the matter may be heard, then and
9  there to show cause, if any they have, why they, their
10  agents, bankers, subsidiaries, successors, assignees,
11  principals, employees, attorneys, and representatives
12  should not be restrained and preliminarily enjoined during
13  the pendency of this action, pursuant to Rule 65 of the
14  Federal Rules of Civil Procedure, from engaging in,
15  committing, or performing directly and indirectly, any and
16  all of the following acts:

17     A.  Removing, withdrawing, transferring, assigning or
18  selling to any other person or entity, the proceeds from
19  the sales of any or all existing or future inventories of
20  food or other products derived from perishable (including
21  frozen) agricultural commodities, and/or receipts of
22  payment for products sold prior to the date of this order
23  and/or otherwise disposing of assets, books or funds;

24     B.  Taking any other action whatsoever which causes,
25  has the effect of causing, or which otherwise dissipates
26  Plaintiff's beneficiary interests in trust assets of the
27
28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  Perishable Agricultural Commodities Act (" PACA" ) [7 U.S.C.

2  §499e *et seq.*];

3      C.   Taking any other action whatsoever which violates

4  7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.

5  §499b(4) [§2 of PACA].

6      IT IS FURTHER ORDERED that Defendants, their owners,

7  officers, directors, bankers, agents, subsidiaries,

8  successors, assignees, principals, assignors, attorneys and

9  persons acting in concert with them, appear at the same

10 time and place to show cause, if any they have, why they

11 should not be commanded by order of this Court and required

12 to distribute PACA trust assets in the amount of at least

13 $70,566.87, which includes $65,098.25, the cumulative

14 amount of the PACA Trust principal owing to Plaintiff, plus

15 $1,963.62 in interest accrued from the dates of default for

16 each transactions through June 13, 2002 at a rate of 10%

17 per annum and attorneys' fees in the amount of $3,355.00

18 and costs of $150.00.

19     IT IS FURTHER ORDERED that pending the hearing and

20 determination of the foregoing Order to Show Cause,

21 Defendants, their agents, bankers, subsidiaries,

22 successors, assignees, principals, attorneys, and persons

23 acting in concert with them shall be and hereby are

24 prevented from transferring, withdrawing or in any other

25 manner removing Perishable Agricultural Commodities Act [7

26 U.S.C. §499e *et seq.*] trust assets, including funds on

27 deposit in banking accounts held by or on behalf of

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

02-168/Proposed TRO                    3

1    Defendants, from Defendants' banking accounts, including

2    but not limited to account number 09899-06398, at the Bank

3    of America, 10200 Reseda Blvd., Northridge, California

4    91324 from Defendants' banking accounts.

5        IT IS FURTHER ORDERED that pending the hearing and

6    determination of the foregoing Order to Show Cause, ~~and~~

7    ~~continuing thereafter~~, Defendants and their counsel,

8    agents, or representatives, shall be preliminarily enjoined

9    from engaging in, committing, or performing directly and

10   indirectly, any and all of the following acts:

11       D.   Removing, withdrawing, transferring, assigning or

12   selling to any other person or entity, the proceeds from

13   the sales of any or all existing or future inventories of

14   food or other products derived from perishable agricultural

15   commodities, and/or receipts of payment for products or

16   crops sold prior to the date of this order and/or otherwise

17   disposing of trust assets, books or funds;

18       E.   Taking any other action whatsoever which causes,

19   has the effect of causing, or which otherwise dissipates

20   Plaintiff's beneficiary interests in the trust assets;

21       F.   Taking any other action whatsoever which violates

22   7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.

23   §499b(4) [§2 of Perishable Agricultural Commodities Act

24   ("PACA")].

25       IT IS FURTHER ORDERED that in the event Defendants lack

26   sufficient funds to promptly deposit the sums described

27

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

4

1  above, Defendants shall be and hereby are required and

2  ordered to:

3      G.  Immediately account to the Court and Plaintiff for

4  all assets of the PACA trust from commencement of

5  Defendants' business through the date of this Order.

6      H.  Immediately assign Defendants' inventory of

7  perishable agricultural commodities and produce related

8  receivables to Plaintiff for sale and collection until

9  Plaintiff is fully paid, and deposit and/or deliver

10 complete accounts, records, and information of all of said

11 receivables to Plaintiff's counsel without charge to the

12 trust, and subject to Plaintiff's counsel making a weekly

13 accounting for all receivables received or collected by

14 Plaintiff's counsel in that regard.  Plaintiff's counsel

15 shall act as trustee in connection with its duties of

16 collection of the accounts receivable and shall deposit any

17 cash assets of the trust which are collected under this

18 order in a trust account.  In Plaintiff's sole discretion,

19 to the extent necessary to prevent loss of Defendant's

20 inventory of perishable agricultural commodities through

21 decay, over-ripening, spoliation or improper storage or

22 handling; Plaintiff may immediately take possession of any

23 such inventory and sell such inventory through a PACA

24 licensed broker.  The proceeds of any such sales shall be

25 held in trust by Plaintiff's counsel pending further order

26 of this court.  Any broker retained by Plaintiff or

27 Plaintiff's counsel to effectuate such sales may retain a

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  brokerage commission in an amount reasonable and customary

2  in the produce industry. The U.S. Marshal shall

3  immediately assist Plaintiff in any manner reasonably

4  necessary to accomplish the sales that are the subject of

5  this agreement.

6    I. Endorse any checks made, endorsed or paid, to

7  Defendants which are trust assets and which are in their

8  possession or obtainable by Defendants at the time of the

9  entry of this Order, or which Defendants obtain or which

10 become obtainable by Defendants after the entry of this

11 Order, including but not limited to checks representing

12 payment for sales of inventory, and shall deliver said

13 assets within 48 hours of Defendants' receipt of them to

14 Plaintiff's counsel as set forth above. Likewise,

15 Defendants shall deliver any cash assets of the PACA trust

16 which are in its possession or are obtainable by Defendants

17 at the time of the entry of this order, or which Defendants

18 obtain or which become obtainable by Defendants after entry

19 of this Order, within 48 hours of Defendants' receipt of

20 them to Plaintiff's counsel.

21    J. File ~~weekly~~ with this Court at the time of the hearing satisfactory evidence

22 of compliance with the terms of this Order.

23    IT IS FURTHER ORDERED that pending the hearing and

24 determination of the foregoing Order to Show Cause, ~~and~~

25 ~~continuing thereafter,~~ Plaintiff and their counsel, agents,

26 or representatives, shall have full and complete and

27 continuing access to all of Defendants' books and records,

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1   which shall include but not necessarily be limited to,

2   Defendants' accounts receivable and payable ledgers,

3   invoices, ledgers, computer runs, bank statements and

4   canceled checks, relating to Defendants' business and

5   personal financial status from commencement of Defendants'

6   business activities forward for the purpose of verifying

7   Defendants' accountings required by this Order and for

8   enforcement of this Order. Defendants shall, upon 48 hours

9   notice by Plaintiff's counsel, allow inspection and copying

10   of the books and records of said Defendants by Plaintiff or

11   its representatives at Defendants' place of business.

12        IT IS FURTHER ORDERED that pending the hearing and

13   determination of the foregoing Order to Show Cause, ~~and~~

14   ~~continuing thereafter,~~ Plaintiff shall be entitled to

15   depose, under oath, at reasonable times and places, upon at

16   least 48 hours notice, Defendants and/or Defendants' other

17   principals, owners, directors, officers, shareholders,

18   employees, agents and accountants concerning any matter

19   pertaining to any accounting due pursuant to this Order,

20   any books or records which Plaintiff are entitled to

21   inspect under this Order, the trust assets or any of

22   Defendants' business assets, and/or Defendants' business

23   practices, procedures or operations from commencement of

24   Defendants' business activities.

25        IT IS FURTHER ORDERED that Plaintiff shall serve

26   Defendants with copies of this Order and all pleadings and

27   other papers in support of the Order on or before

28

KMT VPILUSS
RYMN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1    June 19, 2002 by 5 p.m.   Defendants shall file an Opposition, if

2    any, to the Order to Show Cause on or before ~~by 5 p.m.~~ p.m. on

3    June 27, 2002 and shall personally serve Plaintiff's

4    counsel with a copy of said opposition by the same

5    deadline.   ~~Plaintiff shall file and serve on Defendant a~~

6    ~~Reply to Defendants' Opposition on or before _____ .m. on~~

7    ~~_____.~~

8         IT IS FURTHER ORDERED that no bond shall be required to

9    be posted by Plaintiff before the Temporary Restraining

10   Order is effective.

11

12

13   DATED June 18, 2002    _Florence-Marie Cooper_

14                          U.S. DISTRICT COURT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953



COPY
LODGED

1   R. JASON READ, SBN 117561
2   MINDY L. JAMES, SBN 197226
   RYNN & JANOWSKY
3   4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660
4   Telephone:   (949) 752-2911
5   Facsimile:   (949) 752-0953

6   Attorneys for Plaintiff
7   MEYER TOMATOES, LLC

8          UNITED STATES DISTRICT COURT

9   FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10  MEYER TOMATOES, LLC, a      CASE NO.
11  limited liability company,   **02-01789**
12                [PROPOSED] TEMPORARY
                  RESTRAINING ORDER AND
          Plaintiff,   ORDER TO SHOW CAUSE RE
13                 PRELIMINARY INJUNCTION AND
14       v.           PROPOSED PRELIMINARY
                INJUNCTION
15  FNT PRODUCE CO., INC., a
   corporation; FRANK P.
16  AGUIRRE, an individual;
   AMANDA AGUIRRE, an
17  individual,

18          Defendants.
19

20     Upon review of the Complaint of Plaintiff MEYER
21  TOMATOES, LLC ("Meyer" or "Plaintiff"), on file in the
22  above-captioned action, and the declarations, exhibits and
23  Memorandum of Points and Authorities in support of
24  Plaintiff's Motion for a Temporary Restraining Order and/or
25  Preliminary Injunction submitted therewith, and any and all
26  documents provided by Defendants FNT PRODUCE CO., INC.,
27  FRANK P. AGUIRRE, and AMANDA AGUIRRE (hereinafter referred
28

FILED
CLERK, U.S. DISTRICT COURT
MAR - 1 2002
3-1-02
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
MAR - 6 2002
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  to collectively as "Defendants" } in opposition thereto,

2  and it appearing to the satisfaction of the Court that this

3  is a proper case for granting a Temporary Restraining Order

4  and Order to Show Cause,

5      IT IS HEREBY ORDERED that Defendants appear in

6  Courtroom 880 of the U.S. District Court for the Central

7  District of California, 255 E. Temple St.    , Los Angeles,

8  California 90012 on March 14    , 2002, at 1:30 p.m.,

9  or as soon thereafter as the matter may be heard, then and

10  there to show cause, if any they have, why they, their

11  agents, bankers, subsidiaries, successors, assignees,

12  principals, employees, attorneys, and representatives

13  should not be restrained and preliminarily enjoined during

14  the pendency of this action, pursuant to Rule 65 of the

15  Federal Rules of Civil Procedure, from engaging in,

16  committing, or performing directly and indirectly, any and

17  all of the following acts:

18      A.  Removing, withdrawing, transferring, assigning or

19  selling to any other person or entity, the proceeds from

20  the sales of any or all existing or future inventories of

21  food or other products derived from perishable (including

22  frozen) agricultural commodities, and/or receipts of

23  payment for products sold prior to the date of this order

24  and/or otherwise disposing of assets, books or funds;

25      B.  Taking any other action whatsoever which causes,

26  has the effect of causing, or which otherwise dissipates

27  Plaintiff's beneficiary interests in trust assets of the

28

1  Perishable Agricultural Commodities Act (" PACA" ) [7 U.S.C.

2  §499e et seq.];

3      C.   Taking any other action whatsoever which violates

4  7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.

5  §499b(4) [§2 of PACA].

6      IT IS FURTHER ORDERED that Defendants, their officers,

7  directors, bankers, agents, subsidiaries, successors,

8  assignees, principals, assignors, attorneys and persons

9  acting in concert with them, appear at the same time and

10  place to show cause, if any they have, why they should not

11  be commanded by order of this Court and required to

12  distribute PACA trust assets in the amount of at least

13  $51,517.65, which includes $46,340.95, the cumulative

14  amount of the PACA Trust principal owing to Plaintiff, plus

15  $1,396.70 in finance charges accrued from the dates of

16  default for each transactions through February 28, 2002 at

17  a rate of 18% per annum pursuant to 45 Fed.Reg. 37,872

18  (1980) and attorneys' fees in the amount of $3,630.00 and

19  costs of $150.00.

20      IT IS FURTHER ORDERED that pending the hearing and

21  determination of the foregoing Order to Show Cause,

22  Defendants, their agents, bankers, subsidiaries,

23  successors, assignees, principals, attorneys, and persons

24  acting in concert with them shall be and hereby are

25  prevented from transferring, withdrawing or in any other

26  manner removing Perishable Agricultural Commodities Act [7

27  U.S.C. §499e et seq.] trust assets, including funds on

28

1  deposit in banking accounts held by or on behalf of

2  Defendants, from Defendants' banking accounts, including

3  but not limited to Defendants' accounts held at Pacific

4  Western National Bank, located at 200 S. Vincent Ave., West

5  Covina, CA 91790.

6      IT IS FURTHER ORDERED that pending the hearing and

7  determination of the foregoing Order to Show Cause, and

8  continuing thereafter, Defendants and their counsel,

9  agents, or representatives, shall be preliminarily enjoined

10 from engaging in, committing, or performing directly and

11 indirectly, any and all of the following acts:

12     D.    Removing, withdrawing, transferring, assigning or

13 selling to any other person or entity, the proceeds from

14 the sales of any or all existing or future inventories of

15 food or other products derived from perishable agricultural

16 commodities, and/or receipts of payment for products or

17 crops sold prior to the date of this order and/or otherwise

18 disposing of assets, books or funds;

19     E.    Taking any other action whatsoever which causes,

20 has the effect of causing, or which otherwise dissipates

21 Plaintiff's beneficiary interests in the trust assets;

22     F.    Taking any other action whatsoever which violates

23 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C.

24 §499b(4) [§2 of Perishable Agricultural Commodities Act

25 ("PACA")].

26     IT IS FURTHER ORDERED that in the event Defendants lack

27 sufficient funds to promptly deposit the sums described

28

1  above, Defendants shall be and hereby are required and

2  ordered to:

3      G.   Immediately account to the Court and Plaintiff for

4  all assets of the PACA trust from commencement of

5  Defendants' business through the date of this Order.

6      H.   Immediately assign Defendants' inventory of

7  perishable agricultural commodities and produce related

8  receivables to Plaintiff for sale and collection until

9  Plaintiff is fully paid, and deposit and/or deliver

10 complete accounts, records, and information of all of said

11 receivables to Plaintiff's counsel without charge to the

12 trust, and subject to Plaintiff's counsel making a weekly

13 accounting for all receivables received or collected by

14 Plaintiff's counsel in that regard.   Plaintiff's counsel

15 shall act as trustee in connection with its duties of

16 collection of the accounts receivable and shall deposit any

17 cash assets of the trust which are collected under this

18 order in a trust account.   In Plaintiff's sole discretion,

19 to the extent necessary to prevent loss of Defendant's

20 inventory of perishable agricultural commodities through

21 decay, over-ripening, spoliation or improper storage or

22 handling; Plaintiff may immediately take possession of any

23 such inventory and sell such inventory through a PACA

24 licensed broker.   The proceeds of any such sales shall be

25 held in trust by Plaintiff's counsel pending further order

26 of this court.   Any broker retained by Plaintiff or

27 Plaintiff's counsel to effectuate such sales may retain a

28

1  brokerage commission in an amount reasonable and customary

2  in the produce industry.    The U.S. Marshal shall

3  immediately assist Plaintiff in any manner reasonably

4  necessary to accomplish the sales that are the subject of

5  this agreement.

6       I.  Endorse any checks made, endorsed or paid, to

7  Defendants which are trust assets and which are in their

8  possession or obtainable by Defendants at the time of the

9  entry of this Order, or which Defendants obtain or which

10 become obtainable by Defendants after the entry of this

11 Order, including but not limited to checks representing

12 payment for sales of inventory, and shall deliver said

13 assets within 48 hours of Defendants' receipt of them to

14 Plaintiff's counsel as set forth above.    Likewise,

15 Defendants shall deliver any cash assets of the PACA trust

16 which are in its possession or are obtainable by Defendants

17 at the time of the entry of this order, or which Defendants

18 obtain or which become obtainable by Defendants after entry

19 of this Order, within 48 hours of Defendants' receipt of

20 them to Plaintiff's counsel.

21      J.  File weekly with this Court satisfactory evidence

22 of compliance with the terms of this Order.

23      IT IS FURTHER ORDERED that pending the hearing and

24 determination of the foregoing Order to Show Cause, and

25 continuing thereafter, Plaintiff and their counsel, agents,

26 or representatives, shall have full and complete and

27 continuing access to all of Defendants' books and records,

28

1   which shall include but not necessarily be limited to,

2   Defendants' accounts receivable and payable ledgers,

3   invoices, ledgers, computer runs, bank statements and

4   canceled checks, relating to Defendants' business and

5   personal financial status from commencement of Defendants'

6   business activities forward for the purpose of verifying

7   Defendants' accountings required by this Order and for

8   enforcement of this Order.  Defendants shall, upon 48 hours

9   notice by Plaintiff's counsel, allow inspection and copying

10  of the books and records of said Defendants by Plaintiff or

11  its representatives at Defendants' place of business.

12      IT IS FURTHER ORDERED that pending the hearing and

13  determination of the foregoing Order to Show Cause, and

14  continuing thereafter, Plaintiff shall be entitled to

15  depose, under oath, at reasonable times and places, upon at

16  least 48 hours notice, Defendants and/or Defendants' other

17  principals, owners, directors, officers, shareholders,

18  employees, agents and accountants concerning any matter

19  pertaining to any accounting due pursuant to this Order,

20  any books or records which Plaintiff are entitled to

21  inspect under this Order, the trust assets or any of

22  Defendants' business assets, and/or Defendants' business

23  practices, procedures or operations from commencement of

24  Defendants' business activities.

25      IT IS FURTHER ORDERED that Plaintiff shall serve

26  Defendants with copies of this Order and all pleadings and

27  other papers in support of the Order on or before

28

1  _March 5, 2002._  Defendants shall file an Opposition, if

2  any, to the Order to Show Cause on or before _3:00_ p.m. on

3  _March 11, 2002_, and shall personally serve Plaintiff's

4  counsel with a copy of said opposition by the same

5  deadline.  Plaintiff shall file and serve on Defendant a

6  Reply to Defendants' Opposition on or before _3:00_ p.m. on

7  _March 13, 2002_.

8      IT IS FURTHER ORDERED that no bond shall be required to

9  be posted by Plaintiff before the Temporary Restraining

10  Order is effective.

11

12

13  DATED: _March 1, 2002_      **DICKRAN TEVRIZIAN**

14                              _____

15                              U.S. DISTRICT COURT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

FINEST FRUITS, INC.,

                    Plaintiff,

        v.                                    86 Civ. 3903 (CSH)

EDWARD BOKER, INC.,
and STERLING NATIONAL BANK, N.A.,

                    Defendants.

---------------------------------x

Before:

            HON. CHARLES S. HAIGHT,

                              District Judge


                        New York, N.Y.
                        May 30, 1986

APPEARANCES:

    SURES, DONDERO and McCARRON,
            Attorneys for Plaintiff
        BY: STEPHEN P. McCARRON,
                    -and-
            JOSEPH MANDELL,          of Counsel

        STANLEY ISRAEL,
                Attorney for Defendant
                Edward Boker, Inc.

        JERROLD GILBERT,
                Attorney for Defendant Sterling
                National Bank, N.A.

    ALSO PRESENT:

        EDWARD SILVERSTEIN

EXHIBIT 2

mdajh

1    set aside, because if it is not, what is going to happen

2    is when Finest eventually gets a judgment, they are going

3    to go to Boker in 70, 80 or 100 days; and say: Boker,

4    here's our judgment, will you pay us the $30,000? And

5    Boker is going to turn around and say: I'm sorry, we

6    don't have any money. The bank has all the money. Sterling

7    Bank has been in here and has taken all our money.

8         That's pretty much what Mr. Israel said, that the

9    bank is running the operation. Then we go to the bank,

10   and the bank says: We are not a statutory trustee, we

11   don't owe you anything, we didn't buy anything under the

12   Act. I'm sorry, we can't pay you, either.

13        The Act is designed to assure that that does

14   not happen, and the district courts are given specific

15   jurisdiction in this kind of case, and all we are asking

16   is that $30,388 and some-odd cents be set aside. If we

17   are already setting money aside and so sure everybody is

18   going to be paid off, what's the big deal? Put it aside.

19   We just want to make extra sure. We don't want to give

20   up our rights, and want to make sure that the law is

21   enforced.

22        All we are asking is that they put up money in an

23   interest-bearing account, and nobody can touch it until

24   further order of the court.

25        THE COURT: All right. I think that the time

mdajh                                                            14

1   exigencies indicate that I should rule on this application

2   for preliminary injunction now, and I propose to do so

3   from the bench. In consequence, the wording will perhaps

4   not be as artful as perhaps I would desire, but I think

5   it is necessary under the circumstances.

6           I will ask only that in the event an appeal

7   is to be taken from this order, that counsel order up the

8   transcript so that I may cure any grammatical or typo-

9   graphical errors.

10          This is an action brought by plaintiff Finest

11  Fruits, Inc. v. Edward Boker, Inc. and the Sterling

12  National Bank. Subject matter jurisdiction is conferred

13  upon this court by the Perishable Agricultural Commodities

14  Act as amended.

15          The statute appears in 7 U.S.C., Section 499(a)

16  and succeeding sections.

17          The motion for a preliminary injunction brought

18  on by order to show cause was filed on May 19, 1986,

19  but the order to show cause was signed by Judge Cannella

20  in Part 1 on May 16, and service was directed to be made

21  upon defendant Boker and on the bank on or before 5:00 p.m.

22  on that day, May 16.

23          Service, in accordance with Judge Cannella's

24  order, appears to have been made. No papers in opposition

25  have been filed or served that I am aware of. Appearances

1  adopt ( ... )
   have been made this morning by counsel for Boker and for

2  the bank.

3      A speaking motion to consolidate this action

4  with an action commenced in White Plains has been made by

5  counsel for the bank and for Boker.  No papers have been

6  filed in connection with a formal motion to consolidate.

7      That motion to consolidate is resisted by

8  counsel for plaintiff Finest.

9      I do not regard the motion to consolidate as

10 properly before me.  Such applications must be made on

11 papers with a sufficient notice to other parties to

12 litigation to either agree or resist consolidation.

13     In this case, the plaintiff in the case before

14 me indicates the desire to resist.  In these circumstances

15 and in this chronology, I do not regard a motion to

16 consolidate as properly before me.

17     Surely, as indicated during the colloquy of

18 counsel, there is no power in this court to compel a

19 party such as Finest to enter into a stipulation which

20 other litigants, claimants in comparable circumstances,

21 may have agreed to join.  That's for them to say.  But

22 equally, it is for the plaintiff before me, Finest Fruits,

23 Inc., to stand clear of such a settlement, such an

24 arrangement, and pursue whatever individual remedies may

25 be conferred upon them by the statute to which I have referred

1  declaration of exemption of the ordinary bankruptcy

2  machinery in cases where trusts are created under this

3  more recent statute.

4          So, for all of these reasons, I regard this

5  application as arising out of an action brought in this

6  court under statutory authority by Finest Fruits v.

7  Boker and the bank.  The operative provision appears in

8  7 U.S.C., Section 499(e)2, which provides in pertinent part

9  "Perishable agricultural commodities received by a

10 commissioned merchant, dealer or broker in all transactions

11 and all inventories of food or other products derived from

12 perishable agricultural commodities and any receivables

13 or proceeds from the sale of such commodities or products

14 shall be held by such commissioned merchant, dealer or

15 broker in trust for the benefit of all unpaid suppliers

16 or sellers of such commodities or agents involved in the

17 transaction until full payment of the sums owing in

18 connection with such transactions has been received by

19 such unpaid suppliers, sellers or agents."

20         The statute is cast in mandatory terms: "Shall

21 be held in trust."

22         I am not aware of a case that directly addresses

23 the point, but it is not clear to me that the traditional

24 showing to obtain the preliminary injunctive relief even

25 applies here.  We are all familiar with those criteria:

A preliminary showing of possible irreparable harm coupled
with either a showing of likelihood of success on the
merits or significant questions requiring further litigatio
and a balance of hardships tipping decidedly in favor of
the party seeking equitable relief.

We are all familiar with those standards that
apply in the usual commercial case where a preliminary
injunction is sought.

But here I am dealing with a statute which seeks
in mandatory terms in respect of the creation of the trust.
And this is a limited application for preliminary injunction.
It simply asks me to direct that the trust mandated by
the statute be in fact implemented and created.

It is a relatively narrow application for
preliminary injunctive relief that the plaintiff makes, and
it appears to track the statute.

It does not appear to be denied that the
factual background asserted by the plaintiff is true.  The
papers indicate that those facts are present in this case,
and I don't hear it suggested that the factual presentation
made by the plaintiff is inaccurate in any way.

Surely no papers have been served to question
that factual underpinning, and I do not hear counsel
opposing the application suggest that the factual
allegations are inaccurate in any way.  In consequence of

1  scheme, the plaintiff is not required to want to wait

2  to see if that happens or to assume that it is going

3  to happen or to participate in a plan which apparently

4  other comparable sellers have agreed to participate in,

5  in the White Plains litigation.

6         It seems to me that a sufficient showing has

7  been made in this case for the plaintiff to receive the

8  preliminary injunctive relief that its prays for in

9  this application, and in consequence of that I enter and

10  make the following order:

11         I direct that during the pendency of this action,

12  the defendants, Edward Boker, Inc. and Sterling National

13  Bank, N.A. place in trust the amount of $30,388 in an

14  interest-bearing account, a separate account, which the

15  Sterling National Bank may maintain in satisfaction of

16  the trust obligations which arise under the Perishable

17  Agricultural Commodities Act.

18         I should think that that would satisfy the

19  plaintiff's present request.  Do you suggest any additional

20  language that should be included in the order?

21         MR. McCARRON:        Just that the assets --

22  perhaps this is implied, but that nothing can be done with

23  those assets until further order of the court.  In other

24  words, it is subject to further order.

25         THE COURT: Yes. I think it was implied but just

1   that we make it expl          further direct

2   that nothing further be done with those particular trust

3   amounts pending the further order of this court in this

4   litigation.

5           This order delivered as I have done this morn

6   is intended to be binding upon the defendant, Edward

7   Boker, Inc.  It is also intended to be binding upon

8   Sterling National Bank, N.A., and it is also binding upon

9   those entities, officers, agents, servants, employees

10  and attorneys and upon any others in active concert or

11  participation with them.

12          I have followed the language of Rule 65.

13          I do not require the posting of a bond by

14  Finest in the context of this preliminary injunction.

15          Anything further I should deal with today?

16      MR. GILBERT:     Your Honor, could we request

17  a stay of this order for a period of five days?

18      THE COURT:  I deny a stay in the exercise of

19  my discretion.

20                          * * *

21

22

23

24

25