BART M. BOTTA, SBN 167051
MARION I. QUESENBERY, SBN 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 752-2911
Facsimile: (949) 752-0953

Attorneys for Plaintiff
REY REY PRODUCE SFO, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REY REY PRODUCE SFO, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIS AMIGOS MEAT MARKET, INC., a California Corporation; URIEL GONZALEZ, an individual; ALEJANDRO COSTA, an individual,<br><br>Defendants. | CASE NO. CV 08 1518<br><br>**DECLARATION OF BART M. BOTTA <u>RE NOTICE</u> IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER OR, ALTERNATIVELY, FOR PRELIMINARY INJUNCTION; EXHIBIT IN SUPPORT THEREOF** |

### DECLARATION OF BART M. BOTTA

I, BART M. BOTTA, declare as follows:

1. I am a partner with the law firm of Rynn & Janowsky, LLP, attorneys of record for Plaintiff herein, REY REY PRODUCE SFO, INC. ("RRSFO" or "Plaintiff"), and I make this declaration in support of RRSFO's *ex parte* application for temporary restraining order or, alternatively, for preliminary

injunction against Defendants MIS AMIGOS MEAT MARKET, INC. ("MAMM"), a California corporation, URIEL GONZALEZ, an individual ("Gonzalez"), and ALEJANDRO COSTA, an individual ("Costa") (all Defendants are sometimes collectively referred to herein as "Defendants").

2. I have personal knowledge of all matters stated in this declaration and if called as a witness, I would and could competently testify thereto.

*Summary of Grounds For Ex Parte Application*

3. Plaintiff's *ex parte* application is based upon the following grounds, among others, all of which are supported by the Declarations and Exhibits filed simultaneously herewith. This is a brief summary and is intended to provide the Court with a quick overview of the evidence and legal authorities contained in the pleadings.

A. Plaintiff has sold perishable agricultural commodities to Defendants and has taken all steps necessary to qualify as a statutory trust beneficiary under the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*] in the cumulative principal sum of $88,753.30. As such, Plaintiff is a qualified PACA trust beneficiary of Defendants.

B. Defendants are dealers and statutory trustees under the PACA.

C. The Individual Defendants (Gonzalez and Costa) are the owner and accountant, and are the officers and directors of Defendant MAMM that were and still are in positions to control of the PACA trust assets during all relevant times.

D. Defendants have failed to maintain the PACA trust assets sufficient to protect Plaintiff, and have dissipated and will be dissipating trust assets absent injunctive relief.

  E. Defendants, by and through Defendants Gonzalez and Costa have admitted to Plaintiff that the sums sought by this action are accurate and remain past due and payable to Plaintiff.

  4. For each of these reasons, and for the other reasons set forth in Plaintiff's Application for injunctive relief and supporting documents, Plaintiff is requesting that this Court issue a Temporary Restraining Order ("TRO") that will preserve the remaining PACA trust assets and prevent Defendants from taking any further steps to dissipate those assets pending a final hearing on the Preliminary Injunction.

### *Notice Provided To Defendants*

  5. For the reasons set forth above and in the related pleadings, I believe that this Court would be well within its discretion to issue the TRO without notice because doing so will only allow Defendants the opportunity to divert or otherwise further dissipate the trust assets.

  6. Nevertheless, in an abundance of caution, I have provided notice to Defendants as follows. At approximately 11:20 a.m. on March 18, 2008, I telephoned Defendants at MAMM's published telephone number (925-458-8040). The call was answered by an automated system, and when I pressed the buttons corresponding to the Individual Defendants' names, the automated system informed me that the "mail box was full."

  7. Therefore, I drafted a letter to the Defendants explaining that the filing would be made tomorrow, March 19, 2008. I explained that we would be filing the complaint and the *ex parte* application for injunctive relief with the U.S. District Court in San Francisco and that the filing would be accomplished by sending all of the pleadings to the Court by Federal Express overnight delivery. I also enclosed a true and correct copy of the *ex parte* application with the letter.

  8. The letter and the *ex parte* application were faxed to Defendants at MAMM's published fax number, that being 925-458-9229. True and correct

1 copies of the letter and document faxed to Defendants and the fax confirmation are
2 appended hereto as **Exhibit 1**. The above-described fax transmission was
3 completed successfully.

4     9. In addition, I arranged to have copies of all pleadings that I intend to
5 file in this action delivered to Defendants' office address by FedEx for priority
6 overnight delivery. A copy of the FedEx label showing that the package which
7 included <u>all pleadings</u> in connection with this complaint and *ex parte* application
8 would be delivered on March 19, 2008 is attached hereto and incorporated herein
9 by this reference as **Exhibit 2**.

10     10. After the letter and *ex parte* application were faxed to Defendants, I
11 received a telephone call from Individual Defendant Gonzalez at approximately
12 1:20 p.m. Mr. Gonzalez told me that he received the fax and said he wanted to
13 explain his situation. He told me that he "knows he owes the debt" and that he
14 "wants to pay Rey & Rey" but he "cannot pay in full now." He said that he owes
15 six or seven big accounts, and he is trying to get a loan so he can pay everyone. He
16 said that his bookkeeper and his human resource person recently resigned and he
17 fired his accountant. He also told me that he has now hired a new accountant who
18 is trying to help Defendants through this difficult financial situation.

19     11. He also explained that he only had two stores right now as he was
20 "evicted from the third store" because he lost the liquor license and sales at that
21 store had decreased by a huge amount without being able to sell alcohol at the
22 store. When I asked him when he could pay RRSFO in full, he said he could "not
23 pay now" but he would now better in four to five weeks when he could pay. He
24 also said that "bankruptcy is an option" but that he really did not want to do that.
25 He also said that he owned four properties, but one was in foreclosure and the
26 other three were "upside-down" so that he could not use these as a means to get
27 additional financing to pay his creditors.
28

08-144/ Botta Declaration                           4

12. There is no question that based on the information provided by Defendant Gonzalez, the Defendants have dissipated PACA trust assets rightfully belonging to Plaintiff, and that these trust assets will continue to dissipate absent court intervention. It is also clear that Defendants are in poor financial condition at this point and that Defendants could possibly close the business, which would further dissipate the PACA trust assets.

13. For the foregoing reasons I believe adequate notice of Plaintiff's *ex parte* application has been provided to Defendants. I therefore request that this Court issue the requested injunctive relief without further delay.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 18th day of March 2008 at Newport Beach, California.

_____
BART M. BOTTA



Newport Beach Office

**RYNN & JANOWSKY, LLP**
LAW OFFICES

4100 Newport Place Drive, Suite 700
Newport Beach, California 92660
Telephone 949.752.2911
Facsimile 949.752.0953
www.rjlaw.com

<u>**VIA FACSIMILE**</u>

March 18, 2008

Mr. Uriel Gonzalez
Mr. Alejandro Costa
Mis Amigos Meat Market, Inc.
3005 Willow Pass Road
Bay Point, CA 94565

Re:  *Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Market, Inc.; Uriel Gonzalez, an individual; Mr. Alejandro Costa, an individual*

**Amount Due:** <u>*$88,753.30 plus attorney fees and finance charges*</u>

Dear Messrs. Gonzalez and Costa:

As you know from past letters, this law firm represents Rey Rey Produce SFO, Inc. ("RRSFO"), a creditor and trust beneficiary of Mis Amigos Meat Market, Inc. ("MAMM") under the Perishable Agricultural Commodities Act ("PACA" or "Act") [7 U.S.C. §499e *et seq*.].

I attempted to reach you on March 18, 2008 at approximately 11:20 a.m., but was unable to do so and was unable to leave a message for you as the answering machine said that your "mail box was full." Therefore, this letter shall provide notice to you of the fact that I have been instructed to file a civil complaint and request for injunctive relief against both of you individually as well as the corporation named, as PACA trustees to preserve the PACA trust assets rightfully belonging to my client and in order to immediately obtain full payment of these sums due.

To that end, this letter will confirm that on Wednesday March 19, 2008, we will file an *ex parte* application for injunctive relief by which RRSFO will seek to enforce its PACA trust rights and collect the principal balance due to it plus costs, attorney's fees and finance charges per the terms of your sales agreements with my client. This filing will occur at approximately 11:00 a.m. on Wednesday at the U.S. District Court for the Northern District of California in San Francisco as we are sending the filings to the Court today via Federal Express overnight delivery.



EXHIBIT 1

Newport Beach, California   ■   Oakland, California   ■   Naples, Florida

Letter to Mis Amigos Meat Market, Inc., *et al.*
March 18, 2008
*Page 2*

    Also, all of the pleadings and documents that we will be filing with the U.S. District Court in San Francisco have been sent to you via Federal Express priority overnight delivery, so that you will receive all of them on the morning of Wednesday March 19, 2008. These items describe the nature and scope of the remedy that will be sought.

    Specifically, the Application for a Temporary Restraining Order or, alternatively, Preliminary Injunction, will seek to prevent dissipation of the PACA trust assets rightfully belonging to my client and to compel immediate turnover of any such assets currently in your possession in amounts sufficient to fully satisfy my client's PACA trust claim. A copy of the *ex parte* application is enclosed with this fax.

    This matter is sufficiently serious to warrant your immediate and full attention. You should not hesitate to contact me, or have your attorney contact me, with any questions or to discuss payment of my clients' claims in more detail.

                                    Yours very truly,

                                    RYNN & JANOWSKY

                                    BART M. BOTTA

/BMB
cc:    Client (via e-mail)

08-144/Mis Amigos.3.18.08

P. 1

\*  \*  \*  Communication Result Report ( Mar. 18. 2008 12:04PM )  \*  \*  \*

1) Rynn & Janowsky
2) Rynn & Janowsky

Date/Time: Mar. 18. 2008 11:52AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 0933 | Memory TX Office | 19254589229 | P. 13 | OK | |
| | | 14083470771 | | E-3) 3) | P. 1-13 |
| | | 15306688969 | | E-3) 3) | P. 1-13 |

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                     E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

*LAW OFFICES*
**RYNN & JANOWSKY, LLP**
4100 Newport Place Drive, Suite 700
Newport Beach, California 92660
Telephone (949) 752-2911
FAX (949) 752-0953

**FAX COVER PAGE**

| FAX NUMBER: | 925-458-9229 530-666-8969 | DATE: | MARCH 18, 2008 |
|---|---|---|---|
| TO | URIEL GONZALEZ ALEJANDRO COSTA MIS AMIGOS MEAT MARKET, INC. | COMPANY | MIS AMIGOS MEAT MARKET INC. |
| FROM: | BART M. BOTTA | TOTAL PAGES: | 13 |
| CLIENT: | REY REY SPO INC. | CLIENT NO. | 08-124 |

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**MESSAGE:** *(For Your Information)*

*If you do not receive all pages or have any questions regarding this facsimile, please call (949) 752-2911*

jmfax

From: Origin ID: TWHA (949)752-2911
Rynn & Janowsky

4100 Newport Place Drive
Suite 700
Newport Beach, CA 92660



Ship Date: 18MAR08
ActWgt: 1 LB
System#: 2238247/INET8011
Account#: S ********

CLS120797/21/24

SHIP TO: 9497522911    BILL SENDER

**Uriel Gonzalez**
**Mis Amigos Meat Market, Inc.**
**3005 WILLOW PASS RD**

**BAY POINT, CA 945653215**

Delivery Address Bar Code

Ref #    rey rey sfo 08-144
Invoice #
PO #
Dept #



TRK# 7983 9962 4484
0201

WED - 19MAR    A2
PRIORITY OVERNIGHT

94565
CA-US
OAK

**WA CCRA**



---

Shipping Label: Your shipment is complete
1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



EXHIBIT 2

https://www.fedex.com/ship/domesticShipmentAction.do?method=doShipContinue    3/18/200