**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

REY REY PRODUCE SFO, INC,                    No C 08-1518 VRW

        Plaintiff,
                                             ORDER
    v

MIS AMIGOS MEAT MARKET, INC,
URIEL GONZALEZ and
ALEJANDRO COSTA,

        Defendants.
_____/

        Plaintiff filed a complaint to enforce the statutory trust provisions of the Perishable Agricultural Commodities Act (PACA), 7 USC § 499a et seq. Plaintiff alleges that defendant Mis Amigos Meat Market ("MAMM") has failed to pay for produce delivered to it by plaintiff. Plaintiff also filed an ex parte motion for a temporary restraining order (TRO) pursuant to FRCP 65(b) and Civ LR 65-1 or, in the alternative, a preliminary injunction.

        Under PACA:

> perishable agricultural commodities, inventories of food or other derivative products, and any receivables or proceeds from the sale of such commodities or products, are to be held in a non-segregated floating trust for the

> benefit of unpaid sellers. See 7 USC § 499e(c); CFR § 46.46(b). This trust is created by option of law upon the purchase of such goods, and the produce buyer is the statutory trustee. See 7 USC § 499e(c)(3).

<u>Tanimura & Antle, Inc v Packed Fresh Produce, Inc</u>, 222 F3d 132, 136 (3rd Cir 2000).

Plaintiff alleges it sold to MAMM produce worth $88,753.30 for which plaintiff has not been paid. Plaintiff seeks injunctive relief requiring MAMM to maintain the PACA trust assets for the benefit of plaintiff and a court order directing MAMM to turn over to plaintiff as beneficiary of the trust or to an escrow agent designated by the court $88,753.30 plus finance charges and attorney fees and costs, for a grand total of $96,839.52.

Plaintiff claims that the PACA trust funds have dissipated and will continue to dissipate. Plaintiff claims that (1) defendants have stopped making payments to plaintiff for past due amounts; (2) defendants have promised repeatedly to pay plaintiff but have failed to pay; (3) defendants sent partial payment in December 2007 but the check bounced and (4) defendants no longer return plaintiff's calls or letters. Doc #7 at ¶¶21-27.

Counsel for plaintiff claims that after he faxed the ex parte application for a TRO to defendants on March 18, defendant Gonzalez called him. Doc #6 at ¶¶6-10. According to counsel, Gonzalez said he received the fax, admitted that he owes plaintiff money but "cannot pay in full now," and is trying to get a loan so that he can pay all his suppliers. Doc #6 at ¶10. According to counsel, Gonzalez also stated that he was looking into selling one of his stores because he lost his liquor license there. Doc #6 at ¶11. That statement confirms plaintiff's statement that Gonzalez

"wanted to give me one of the stores in exchange for payment of the amount due to [plaintiff]; however, upon discussing details with Defendant Uriel Gonzalez, it was determined that such a transaction would not be in my best interest." Doc #7 at ¶26. Counsel also recalls Gonzalez saying that "'bankruptcy is an option' but that he really did not want to do that." Doc #6 at ¶11. Overall, plaintiff claims that defendants "have dissipated PACA trust assets rightfully belonging to Plaintiff * * *. It is also clear that Defendants are in poor financial condition at this point and that Defendants could possibly close the business, which would further dissipate the PACA trust assets." Doc #6 at ¶12.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Lockheed Missile & Space Co v Hughes Aircraft Co, 887 F Supp 1320, 1322 (N D Cal 1995). "In the Ninth Circuit, a district court may issue a preliminary injunction when the moving party demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tips sharply in its favor." Lockheed, 887 F Supp at 1322, citing Arcamuzi v Continental Air Lines, Inc, 819 F2d 935, 937 (9th Cir 1987); Los Angeles Memorial Coliseum Comm'n v National Football League, 634 F2d 1197, 1201 (9th Cir 1980). "These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc v Board of Educ of the Anchorage School Dist, 868 F2d 1085, 1088 (9th Cir 1989).

3

A showing of threatened trust dissipation amounts to a showing of a possibility of irreparable injury. "[O]nce the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery." See <u>Tanimura</u>, 222 F3d at 139, citing <u>Frio Ice, SA v Sunfruit, Inc</u>, 918 F2d 154, 159 (11th Cir 1990).

Plaintiff has also established a likelihood of success on the merits, as demonstrated by plaintiff's submitted evidence. Plaintiff has submitted evidence demonstrating that plaintiff is a PACA trust beneficiary, owed money for shipments of produce to MAMM. In addition, plaintiff's evidence that defendants are dissipating the PACA trust funds and are in a "precarious financial position" is similar to the evidence that supported an injunction in <u>Tanimura</u>. <u>Tanimura</u>, 222 F3d at 134. Plaintiff has submitted evidence of MAMM's "lack of sufficient cash or other assets to pay for the commodities in full or on time." <u>Tanimura</u>, 222 F3d at 134. In <u>Tanimura</u>, as here, defendants bounced checks and promised repeatedly to pay but eventually admitted an inability to pay on time. <u>Tanimura</u>, 222 F3d at 134-35 & n2.

Finally, pursuant to FRCP 65(b), a TRO may be granted ex parte only if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.

Plaintiff's counsel has submitted a declaration stating that notice should not be required in order to prevent defendants from

4

dissipating the trust assets. Doc #6. As noted above, dissipation of trust assets constitutes irreparable injury. Moreover, counsel described the steps he took to give notice, and counsel claims he actually spoke to defendant Gonzalez before filing for a temporary restraining order. For the purposes of this order, the court determines that plaintiff has satisfied FRCP 65(b).

Plaintiff, therefore, is entitled to temporary injunctive relief.

For the foregoing reasons, the court hereby ORDERS that:

1. Defendant MAMM, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this order are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provision of PACA, 7 USC § 499e(c)(2), without agreement of the parties, order of this court or until the expiration of this order. Provided, however, that MAMM may sell or transfer perishable agricultural commodities for fair compensation, without right of setoff, on the condition that MAMM maintain the proceeds of such sale in a segregated account subject to this order;

2. The $88,753.30 in PACA trust assets belonging to plaintiff and in the possession of defendants will serve as plaintiff's security for this injunction as required by FRCP 65(c).

Defendants are further ORDERED to show cause why they should not be preliminarily enjoined from distributing PACA trust

5

funds as set out in this Temporary Restraining Order.  Defendants shall file a written response, if any, to this Order to Show Cause and Plaintiff's motion for preliminary injunction on or before March 31, 2008.  The hearing on plaintiff's application for a preliminary injunction is hereby set for April 3, 2008, at 4:00 pm.

        This temporary restraining order is entered this 25th day of March, 2008, at 4:00 pm.  Plaintiff shall forthwith serve MAMM, its resident agent or counsel with a copy of this order.

        IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge