BART M. BOTTA, SBN 167051
MARION I. QUESENBERY, SBN 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA  92660
Telephone:   (949) 752-2911
Facsimile:   (949) 752-0953

Attorneys for Plaintiff
REY REY PRODUCE SFO, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REY REY PRODUCE SFO, INC., a California Corporation,<br><br>              Plaintiff,<br><br>     v.<br><br><br>MIS AMIGOS MEAT MARKET, INC., a California Corporation; URIEL GONZALEZ, an individual; ALEJANDRO COSTA, an individual,<br><br>              Defendants. | CASE NO.  08-cv-01518-VRW<br><br>**[PROPOSED] PRELIMINARY INJUNCTION** |

This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction or alternatively Temporary Restraining Order with Notice pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted if it clearly appears from specific facts shown by affidavit or verified complaint that

1

immediate and irreparable injury, loss or damage will result to Plaintiffs absent injunctive relief.

In this case, it clearly appears from the declarations of the representatives of REY REY PRODUCE SFO, INC. (hereinafter referred to as "Plaintiff"), and Bart M. Botta that Plaintiff is a produce dealer and creditor of Defendants MIS AMIGOS MEAT MARKET, INC. ("MAMM"), a corporation; URIEL GONZALEZ ("UG"), an individual, and ALEJANDRO COSTA ("AC"), an individual; (hereinafter referred to collectively as "Defendants"). Under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and that Defendants have not paid the principal amount of $88,753.30 due to Plaintiff for produce purchased by Defendants as required by the PACA. Plaintiff also established to the Court's satisfaction that Defendants are in severe financial jeopardy and the PACA Trust is being threatened with dissipation. Based upon the affidavits and certification of Plaintiff and Plaintiff's counsel, it appears that Defendants are not or may not be in a position to pay Plaintiff's claim.

The pleadings and supporting documents on file establish the Defendants either dissipated the PACA Trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, affidavits and other submissions Plaintiff filed in this matter, and further based upon the findings of fact adopted by this Court, it appears the Plaintiff will suffer immediate and irreparable injury due to Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.

Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep.No.543, 98th Cong., 2d Sess.4 (1983), reprinted in 1984 U.S. Code & Admin.News 405,411. *Tanimura And Antle, Inc. v. Packed Fresh, Inc.,* 222 F.3d 132, 140-141 (3d Cir. 2000); *J.R. Brooks & Sons, Inc. v. Norman's Country*

*Market, Inc.*, 98 B.R. 47 (Brtcy. N.D.Fla. 1989). Entry of this Order without Notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4).

Upon review of Plaintiff's Complaint, on file in the above-titled action, and Plaintiff's *ex parte* application for injunctive relief, and declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and all documents on file with the Court, and it appearing to the satisfaction of the Court that this is a proper case for granting a Preliminary Injunction,

IT IS HEREBY ORDERED that Defendants MIS AMIGOS MEAT MARKET, INC., URIEL GONZALEZ, and ALEJANDRO COSTA, be and hereby are preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following facts:

A.  Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities and/or receipts of payment for such commodities or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B.  Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

C.  Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that Defendants, their officers, directors, bankers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, shall within 24 hours after being served

with this Order distribute PACA Trust assets in the amount of at least $102,341.62 which includes $88,753.30, the cumulative amount of the PACA Trust principal owing to Plaintiffs plus $5,585.67 in finance charges through April 24, 2008, calculated at the agreed-upon rate of 1-1/2% per month plus $7,210.00 as reasonable attorneys' fee as well as costs of $792.65.

IT IS FURTHER ORDERED that during the pendency of this action, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e et seq.] trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, including but not limited to Defendants' account(s) located at Bank of the West, account number 183151240, or any other subsequently discovered banking account standing in one or more of Defendants' names.

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

D.     Immediately account to Plaintiff for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

E.     Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiff for collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are

collected under this order in a trust account. In Plaintiff's sole discretion, to the extent necessary to prevent loss of Defendants' inventory of perishable agricultural commodities through decay, over-ripening, spoliation or improper storage or handling; Plaintiff may immediately take possession of any such inventory and sell such inventory through a PACA licensed broker. The proceeds of any such sales shall be held in trust by Plaintiffs' counsel pending further order of this court. Any broker retained by Plaintiff or Plaintiff's counsel to effectuate such sales may retain a brokerage commission in an amount reasonable and customary in the produce industry.

  H. Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of growing crops, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above. Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

  I. On or before _____, 2008 file with this Court satisfactory evidence of compliance with the terms of this Order.

  IT IS FURTHER ORDERED that during the pendency of this action, and continuing thereafter, Plaintiff and their counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status

from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order.  Defendants shall, upon 2 business days notice by Plaintiff's counsel, allow inspection and copying of the books and records of said Defendants by Plaintiff or their representatives at Defendants' place of business.

IT IS FURTHER ORDERED that during the pendency of this action, Plaintiff shall be entitled to depose, under oath, at reasonable times and places, upon at least 2 business days notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books which Plaintiff is  entitled to inspect under this Order, the trust assets or any of Defendants' assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiffs before the Preliminary Injunction is effective.

DATED:_____

_____
U.S. DISTRICT COURT JUDGE