IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REY REY PRODUCE SFO, INC,                No C 08-1518 VRW

        Plaintiff,
                              ORDER
    v

MIS AMIGOS MEAT MARKET, INC,
URIEL GONZALEZ and
ALEJANDRO COSTA,

        Defendants.
                               /

        Plaintiff filed a complaint to enforce the statutory trust provisions of the Perishable Agricultural Commodities Act (PACA), 7 USC § 499a et seq. Plaintiff alleges that defendant Mis Amigos Meat Market ("MAMM") has failed to pay for produce delivered to it by plaintiff. Plaintiff requests a preliminary injunction barring defendants from dissipating trust assets.

        On March 27, 2008, plaintiffs served the summons and complaint on the corporate defendant and individual defendant Gonzalez, but the record does not include an executed summons for individual defendant Costa. See Doc ##11, 12. Plaintiff alleges

that both individual defendants are directors or officers of MAMM.

The court granted plaintiff's motion for a temporary restraining order and ordered defendants to show cause in writing why the court should not issue a preliminary injunction. Doc #9. Defendants have not filed any response. The court continued the TRO hearing to allow the parties additional time to reach a settlement. Doc #14.

The court's continuance order stated that "Plaintiff's counsel shall serve and file a revised notice of hearing," but no such filing appears in the docket. The docket includes the clerk's notice resetting the hearing, but it is unclear whether defendants have received notice of the new hearing date. Nevertheless, not one defendant responded to the court's order to show cause. Under these circumstances, the court is not inclined further to delay consideration of plaintiff's motion and, accordingly, the request for an injunction will be considered as unopposed.

Under PACA:

> [P]erishable agricultural commodities, inventories of food or other derivative products, and any receivables or proceeds from the sale of such commodities or products, are to be held in a non-segregated floating trust for the benefit of unpaid sellers. See 7 USC § 499e(c); CFR § 46.46(b). This trust is created by option of law upon the purchase of such goods, and the produce buyer is the statutory trustee. See 7 USC § 499e(c)(3).

Tanimura & Antle, Inc v Packed Fresh Produce, Inc, 222 F3d 132, 136 (3rd Cir 2000).

Plaintiff alleges it sold to MAMM produce worth $88,753.30 for which plaintiff has not been paid. Plaintiff seeks injunctive relief requiring MAMM to maintain the PACA trust assets for the benefit of plaintiff and a court order directing MAMM to

**2**

turn over to plaintiff as beneficiary of the trust or to an escrow agent designated by the court $88,753.30 plus finance charges and attorney fees and costs, for a grand total of $102,341.62.

Plaintiff claims that the PACA trust funds have dissipated and will continue to dissipate. Plaintiff claims that (1) defendants have stopped making payments to plaintiff for past due amounts; (2) defendants have promised repeatedly to pay plaintiff but have failed to pay; (3) defendants sent partial payment in December 2007 but the check bounced and (4) defendants no longer return plaintiff's calls or letters. Doc #7 at ¶¶21-27.

Counsel for plaintiff claims that after he faxed the ex parte application for a TRO to defendants on March 18, defendant Gonzalez called him. Doc #6 at ¶¶6-10. According to counsel, Gonzalez said he received the fax, admitted that he owes plaintiff money but "cannot pay in full now," and is trying to get a loan so that he can pay all his suppliers. Doc #6 at ¶10. According to counsel, Gonzalez also stated that he was looking into selling one of his stores because he lost his liquor license there. Doc #6 at ¶11. That statement confirms plaintiff's statement that Gonzalez "wanted to give me one of the stores in exchange for payment of the amount due to [plaintiff]; however, upon discussing details with Defendant Uriel Gonzalez, it was determined that such a transaction would not be in my best interest." Doc #7 at ¶26. Counsel also recalls Gonzalez saying that "'bankruptcy is an option' but that he really did not want to do that." Doc #6 at ¶11. Overall, plaintiff claims that defendants "have dissipated PACA trust assets rightfully belonging to Plaintiff * * *. It is also clear that Defendants are in poor financial condition at this point and that

3

1  Defendants could possibly close the business, which would further
2  dissipate the PACA trust assets." Doc #6 at ¶12.
3        "In the Ninth Circuit, a district court may issue a
4  preliminary injunction when the moving party demonstrates either
5  (1) a combination of probable success on the merits and the
6  possibility of irreparable injury or (2) the existence of serious
7  questions going to the merits and the balance of hardships tips
8  sharply in its favor." Lockheed Missile & Space Co v Hughes
9  Aircraft Co, 887 F Supp 1320, 1322 (N D Cal 1995), citing Arcamuzi
10 v Continental Air Lines, Inc, 819 F2d 935, 937 (9th Cir 1987); Los
11 Angeles Memorial Coliseum Comm'n v National Football League, 634
12 F2d 1197, 1201 (9th Cir 1980). "These formulations are not
13 different tests but represent two points on a sliding scale in
14 which the degree of irreparable harm increases as the probability
15 of success on the merits decreases." Big Country Foods, Inc v
16 Board of Educ of the Anchorage School Dist, 868 F2d 1085, 1088 (9th
17 Cir 1989).
18        A showing of threatened trust dissipation amounts to a
19 showing of a possibility of irreparable injury. "[O]nce the PACA
20 trust is dissipated, it is almost impossible for a beneficiary to
21 obtain recovery." See Tanimura, 222 F3d at 139, citing Frio Ice,
22 SA v Sunfruit, Inc, 918 F2d 154, 159 (11th Cir 1990).
23        Plaintiff has also established a likelihood of success on
24 the merits. Plaintiff has submitted evidence demonstrating that
25 plaintiff is a PACA trust beneficiary owed money for shipments of
26 produce to MAMM. In addition, plaintiff's evidence that defendants
27 are dissipating the PACA trust funds and are in a "precarious
28 financial position" is similar to the evidence that supported an

United States District Court
For the Northern District of California

4

injunction in Tanimura.  Tanimura, 222 F3d at 134.  Plaintiff has submitted evidence of MAMM's "lack of sufficient cash or other assets to pay for the commodities in full or on time."  Tanimura, 222 F3d at 134.  In Tanimura, as here, defendants bounced checks and promised repeatedly to pay but eventually admitted an inability to pay on time.  Tanimura, 222 F3d at 134-35 & n2.

For the foregoing reasons, plaintiff's motion for entry of a preliminary injunction is hereby GRANTED.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge