IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REY REY PRODUCE SFO, INC,          No C 08-1518 VRW

          Plaintiff,

                                  PRELIMINARY INJUNCTION

     v

MIS AMIGOS MEAT MARKET, INC,
URIEL GONZALEZ and
ALEJANDRO COSTA,

          Defendants.
_____/

        The court having granted plaintiff's motion for a preliminary injunction, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants MIS AMIGOS MEAT MARKET, INC and URIEL GONZALEZ, be and hereby are preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

(1) Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other

      products derived from perishable agricultural commodities and/or receipts of payment for such commodities or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

(2) Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

(3) Taking any other action whatsoever which violates 7 USC § 499e(c)(1) through (4), inclusive, and 7 USC § 499b(4) [§ 2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that defendants, their officers, directors, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, shall within 24 hours after being served with this Preliminary Injunction not fail to distribute PACA Trust assets in the amount of at least $102,341.62 which includes $88,753.30, the cumulative amount of the PACA Trust principal owing to Plaintiffs plus $5,585.67 in finance charges through April 24, 2008, calculated at the agreed-upon rate of 1-1/2% per month plus $7,210.00 as reasonable attorneys' fees as well as costs of $792.65.

IT IS FURTHER ORDERED that during the pendency of this action, defendants, their agents, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 USC § 499e et seq] trust assets, including funds

**2**

on deposit in banking accounts held by or on behalf of defendants, from defendants' banking accounts, including but not limited to defendants' account(s) located at Bank of the West, account number 183151240, or any other subsequently discovered banking account standing in one or more of Defendants' names.

     IT IS FURTHER ORDERED that in the event defendants lack sufficient funds promptly to deposit the sums described above, defendants shall be and hereby are required and ordered immediately to:

(1) Account to plaintiff for all assets of the PACA trust from commencement of defendants' business through the date of this Preliminary Injunction.

(2) Assign defendants' inventory of perishable agricultural commodities and produce related receivables to plaintiff for collection until plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to plaintiff's counsel without charge to the trust, and subject to plaintiff's counsel making a weekly accounting for all receivables received or collected by plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account. In plaintiff's sole discretion, to the extent necessary to prevent loss of defendants' inventory of perishable agricultural commodities through decay, over-ripening, spoliation or improper storage or handling;

**3**

    plaintiff may immediately take possession of any such inventory and sell such inventory through a PACA licensed broker.  The proceeds of any such sales shall be held in trust by plaintiffs' counsel pending further order of this court.  Any broker retained by plaintiff or plaintiff's counsel to effectuate such sales may retain a brokerage commission in an amount reasonable and customary in the produce industry.

(3) Endorse any checks made, endorsed or paid, to defendants which are trust assets and which are in their possession or obtainable by defendants at the time of the entry of this Preliminary Injunction, or which defendants obtain or which become obtainable by defendants after the entry of this Preliminary Injunction, including but not limited to checks representing payment for sales of growing crops, and shall deliver said assets within 48 hours of defendants' receipt of them to plaintiff's counsel as set forth above.  Likewise, defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by defendants at the time of the entry of this order, or which defendants obtain or which become obtainable by defendants after entry of this Preliminary Injunction, within 48 hours of defendants' receipt of them to plaintiff's counsel.

(4) On or before May 23, 2008, file with this court satisfactory evidence of compliance with the terms of this Preliminary Injunction.

    IT IS FURTHER ORDERED that during the pendency of this action, and continuing thereafter, plaintiff and their counsel,

**4**

agents, or representatives, shall have full and complete and continuing access to all of defendants' books and records, which shall include but not necessarily be limited to, defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to defendants' business and personal financial status from commencement of defendants' business activities forward for the purpose of verifying defendants' accountings required by this Preliminary Injunction and for enforcement of this Preliminary Injunction.  Defendants shall, upon two business days notice by plaintiff's counsel, allow inspection and copying of the books and records of said defendants by plaintiff or their representatives at defendants' place of business.

IT IS FURTHER ORDERED that during the pendency of this action, plaintiff shall be entitled to depose, under oath, at reasonable times and places, upon at least two business days notice, defendants and/or defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Preliminary Injunction, any books which plaintiff is entitled to inspect under this Preliminary Injunction, the trust assets or any of defendants' assets, and/or defendants' business practices, procedures or operations from commencement of defendants' business activities.

//
//
//

5

IT IS FURTHER ORDERED that this Preliminary Injunction shall be effectively immediately upon plaintiff's posting of a bond with the clerk of this court in the amount of $1,000.00.

Plaintiff shall forthwith serve MAMM, its resident agent or counsel with a copy of this Preliminary Injunction.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge