BART M. BOTTA, SBN 167051
MARION I. QUESENBERY, SBN 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 752-2911
Facsimile: (949) 752-0953

Attorneys for Plaintiff
REY REY PRODUCE SFO, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REY REY PRODUCE SFO, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIS AMIGOS MEAT MARKET, INC., a California Corporation; URIEL GONZALES, an individual; ALEJANDRO COSTA, an individual,<br><br>Defendants. | CASE NO. 08-cv-01518-VRW<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS MIS AMIGOS MEAT MARKET, INC. AND URIEL GONZALES; DISMISSAL WITHOUT PREJUDICE OF ALEJANDRO COSTA; [PROPOSED] ORDER THEREON** |

WHEREAS, between on or about April 17, 2007 and December 31, 2007, in a series of transactions, REY REY PRODUCE SFO, INC. ("RRSFO" or "Plaintiff") sold and shipped perishable agricultural commodities to Defendants MIS AMIGOS MEAT MARKET, INC., a California Corporation ("MAMM") and URIEL GONZALES ("Gonzales")(MAMM and Gonzales are sometimes referred to jointly as "Defendants"), at said Defendants' request, for which Defendants agreed to pay RRSFO the principal sum of $88,753.30;

WHEREAS, Defendants have failed to fully pay Plaintiff for such perishable agricultural commodities, and the total combined principal sum of $88,753.30 remains past due and immediately payable by Defendants to RRSFO;

WHEREAS, Defendants and Plaintiff wish to compromise and resolve this matter by agreement and stipulation for entry of judgment whereby Defendants shall pay to Plaintiff the full amount agreed upon plus finance charges and attorneys' fees via installment payments in the amounts and at the times stated below;

WHEREAS, in exchange for Defendants' promises to make payments as set forth herein and for Defendants' agreement to stipulate to entry of judgment under the terms stated herein, Plaintiff agrees to forebear from further prosecuting this lawsuit against Defendants and enforcing its trust rights under the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq*.], and Plaintiff further agrees to immediately release and dissolve the Preliminary Injunction Order entered by this Court on April 24, 2008, so long as Defendants are not in default of the terms of this Agreement and Stipulation.

NOW THEREFORE, in consideration of the foregoing, Defendants and Plaintiff hereby stipulate as follows:

1.  Each of the above recitals is hereby incorporated herein as though fully set forth.

2.  Defendants MAMM and Gonzales have purchased perishable agricultural commodities from Plaintiff between April 17, 2007 and December 31, 2007 having a cumulative value of at least $88,753.30, all of which remains past due and immediately payable from Defendants to Plaintiff.

3.  Pursuant to the invoices at issue here, finance charges are owed to Plaintiff at the rate of 1.5% per month from the date of each obligation became due until all amounts due are fully paid. The total amount of finance charges due as of May 7, 2008 is $6,198.43.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

4. Also pursuant to the invoices at issue here, Plaintiff is entitled to all attorney's fees incurred in collection of the past due amounts. As of May 7, 2008, the total amount of attorney's fees incurred totals $12,360.20.

5. Defendants agree to pay RRSFO, and RRSFO agrees to accept total combined payment of $88,753.30 plus accrued finance charges of $6,198.43 as set forth in paragraph 3, above, plus the attorney fees and costs incurred by Plaintiff in the amount of $12,360.20, plus additional fees in the event of default as set forth below in paragraph 14, as payment in full of all monies owed by Defendants to RRSFO for the transactions which are the subject of this Agreement.

6. Defendants acknowledge that the products sold and shipped to Defendants were perishable agricultural commodities. Defendants further acknowledge that Plaintiff has taken all steps necessary to preserve all statutory trust rights to which it is entitled under the PACA with respect to the commodities sold to Defendants and that all amounts due herein to Plaintiff are eligible for protection under 7 U.S.C. §499e.

7. The balance due Plaintiff as set forth above shall be paid as follows: An initial payment of eighty thousand dollars ($80,000.00) shall be made on or before Friday May 9, 2008. This payment shall be made by Bank of the West from accounts held by Defendants directly to the client trust account of counsel for Plaintiff, held at California Bank & Trust, 19200 Von Karman Avenue, Suite 140, Irvine, CA 92612, Bank ABA Routing # 121002042, Bank Account # 3510099341 (the "Rynn & Janowsky, LLP Attorney Client Trust Account"). The remaining balance due to Plaintiff as set forth above shall be made by Defendants in equal $5,000.00 monthly installments commencing May 30, 2008 and continuing on the 30th day of each and every consecutive month thereafter until fully paid, including principal, finance charges and fees as set forth in paragraphs 2, 3, and 4 of this Stipulation. The $5,000.00 monthly payments are minimum payment only, and Defendants may prepay all or part of the amount due hereunder without penalty.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

8.  All payments described in paragraph 7 above, shall be made by <u>wire transfer, cash, or cashier's check</u>, made payable to "Rynn & Janowsky Client Trust Account" and delivered to the following address for *receipt* in such office by 5:00 p.m. on the dates designated hereinabove.  The payments are to be received by Plaintiff at the following address: Bart M. Botta, Rynn & Janowsky, 4100 Newport Place Drive, Suite 700, Newport Beach, CA 92660.  In the event the 30th day of any given month is a Sunday or a federal holiday, payment is due on the next business day thereafter.

9.  As further valuable consideration for Plaintiff to enter into this Agreement, Plaintiff and its counsel, agents, or representatives, shall have full, complete, and continuing access upon 24 hour notice to all Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business activities for the purpose of monitoring and verifying Defendants' accountings.

10. In the event that Defendants fail to remit any payment when due hereunder, Plaintiff shall give notice to Defendants that such performance is delinquent.  Notice of said delinquency will be deemed given by Plaintiff to Defendants upon providing written notice via fax to Defendants counsel at fax no. (925) 458-9229 or at such other numbers as Defendants may notify Plaintiff's attorney in writing.  In the event the above-listed fax numbers is not working when Plaintiff attempts to give notice and Defendants have failed to notify Plaintiff's attorney of another number, the notice requirements hereunder shall be satisfied.  Defendants shall then have forty-eight (48) hours for such notification within which to cure said delinquency by providing payment for receipt by Plaintiff of the full amount then past due under the terms of this Agreement.  In the event Defendants fail to cure said delinquency within this forty-eight (48) hour period, Defendants shall be in default of this stipulation.

11. Upon Defendants' default of this Stipulation, Plaintiff shall be entitled to immediately obtain a judgment, on an *ex parte* basis, without notice to Defendants, in the U.S. District Court for the Northern District of California against Defendants MIS AMIGOS MEAT MARKET, INC., a California Corporation and URIEL GONZALES, an individual. Said judgment shall be in the full principal amount due as alleged herein plus accrued finance charges, costs and fees as set forth elsewhere herein, plus any additional fees and costs incurred in obtaining said judgment, less payments received prior to default. Plaintiff agrees and understand that Defendants' liability under such judgment shall be limited to the amounts then remaining due under paragraph 5 of this agreement and stipulation less payments received prior to default. Defendants agree that said judgment may be based solely on this stipulation for entry of judgment and the declaration(s) of Plaintiff and/or Plaintiff's attorney confirming that Defendants have defaulted on the terms of this Stipulation and have failed to cure said default in the manner and at the times set forth herein.

12. Defendants further agree that upon default, Defendants shall immediately execute any and all documents provided by Plaintiff's attorney as are necessary to assign Defendants' accounts receivable to Plaintiff, which shall be collected and applied to the unpaid balances due pursuant to this Stipulation. Defendants further agree that upon default, Defendants shall cooperate with Plaintiff by providing immediate access to all books and records evidencing the outstanding accounts receivable of Defendants.

13. So long as Defendants make all payments in the manner and at the times specified herein, Plaintiff agrees to forbear from enforcing its PACA trust rights or further prosecuting its lawsuit against Defendants herein.

14. In the event of Defendants' default under this Stipulation, Defendants shall be obligated to reimburse Plaintiff for Plaintiff's additional reasonable attorneys' fees and costs for collection efforts resulting from such default.

15. Nothing in this Stipulation shall be deemed to be a waiver of any rights Plaintiff may have under PACA, including, but not limited to, its PACA trust rights, or Plaintiff's ability to enforce said trust rights against Defendants upon Defendants' default of the terms of this Stipulation.

16. In the event Defendants become insolvent, file a petition in bankruptcy or seeks protection under the bankruptcy laws of any jurisdiction, Defendants agree that the amounts due hereunder are not, pursuant to the statutory trust provisions of PACA, part of the bankrupt estate. Also, the amounts due hereunder are excepted from any discharge pursuant to Section 523(a)(4) of Title 11, United States Code.

17. The parties agree to dismiss Defendant ALEJANDRO COSTA, an individual, from this lawsuit without prejudice.

18. This Stipulation may be executed in counterparts, each of which shall together be construed as a single original document. A fully executed copy of this Stipulation, including facsimile signatures, may be used in lieu of the original for all purposes.

19. In the event any provision of this Agreement is deemed to be invalid or void by any court of competent jurisdiction, all other provisions contained herein shall remain in full force and effect.

20. This Agreement shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of California.

21. Defendants acknowledge that by signing this Stipulation, they are giving up their right to a jury trial in connection with the allegations contained in Plaintiff's complaint filed herein and any subsequent complaint which may be filed by Plaintiff to enforce either this Agreement or any other rights which are the subject of this Agreement.

22. Defendants acknowledge being given the opportunity to discuss this

Stipulation with its own attorney(s) and has availed himself of that opportunity to the extent Defendants wish to do so.

23. The parties agree that during the repayment period as provided for herein, this lawsuit shall be dismissed without prejudice. The parties further agree that the U.S. District Court for the Northern District of California, San Francisco Division, shall retain exclusive jurisdiction over the parties and subject matter herein to reinstate said action in order to enter judgment in the event of Defendants' default or to otherwise enforce or interpret the provisions of this Stipulation and Agreement.

24. All persons who sign this agreement on behalf of a corporation represent and warrant that such persons have the authority to execute this stipulation on behalf of the corporation and that by doing so has bound the corporation to the terms of the stipulation. Said persons also represent that additional steps necessary to bind the corporation shall be promptly taken if necessary.

IT IS SO STIPULATED:

**REY REY PRODUCE SFO, INC.**

DATED: _____   By: _____
MANUEL REYNOSO, President

**MIS AMIGOS MEAT MARKET, INC.**

DATED: _____   By: _____
URIEL GONZALES, President

**URIEL GONZALES, Individually**

DATED: _____   By: _____
URIEL GONZALES

Stipulation with its own attorney(s) and has availed himself of that opportunity to the extent Defendants wish to do so.

23. The parties agree that during the repayment period as provided for herein, this lawsuit shall be dismissed without prejudice. The parties further agree that the U.S. District Court for the Northern District of California, San Francisco Division, shall retain exclusive jurisdiction over the parties and subject matter herein to reinstate said action in order to enter judgment in the event of Defendants' default or to otherwise enforce or interpret the provisions of this Stipulation and Agreement.

24. All persons who sign this agreement on behalf of a corporation represent and warrant that such persons have the authority to execute this stipulation on behalf of the corporation and that by doing so has bound the corporation to the terms of the stipulation. Said persons also represent that additional steps necessary to bind the corporation shall be promptly taken if necessary.

IT IS SO STIPULATED:

**REY REY PRODUCE SFO, INC.**

DATED: 5/7/08     By: _____
                      MANUEL REYNOSO, President

**MIS AMIGOS MEAT MARKET, INC.**

DATED: _____   By: _____
                      URIEL GONZALES, President


**URIEL GONZALES, Individually**

DATED: _____   By: _____
                      URIEL GONZALES

08-130/Settlement Stipulation

7

Stipulation with its own attorney(s) and has availed himself of that opportunity to the extent Defendants wish to do so.

23. The parties agree that during the repayment period as provided for herein, this lawsuit shall be dismissed without prejudice. The parties further agree that the U.S. District Court for the Northern District of California, San Francisco Division, shall retain exclusive jurisdiction over the parties and subject matter herein to reinstate said action in order to enter judgment in the event of Defendants' default or to otherwise enforce or interpret the provisions of this Stipulation and Agreement.

24. All persons who sign this agreement on behalf of a corporation represent and warrant that such persons have the authority to execute this stipulation on behalf of the corporation and that by doing so has bound the corporation to the terms of the stipulation. Said persons also represent that additional steps necessary to bind the corporation shall be promptly taken if necessary.

IT IS SO STIPULATED:

**REY REY PRODUCE SFO, INC.**

DATED: _____  By: _____
MANUEL REYNOSO, President

**MIS AMIGOS MEAT MARKET, INC.**

DATED: 5/07/08  By: _[signature]_
URIEL GONZALES, President

**URIEL GONZALES, Individually**

DATED: 5/07/08  By: _[signature]_
URIEL GONZALES

**APPROVED AS TO FORM AND CONTENT:**

**RYNN & JANOWSKY, LLP**

DATED: _____    By:    /s/ Bart M. Botta
                                BART M. BOTTA, Attorneys for Plaintiff

LAW OFFICES
**RYNN & JANOWSKY**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

## ORDER

Having read the above Stipulation for entry of judgment and good cause appearing therefor,

IT IS HEREBY ORDERED that this Stipulation be filed and that ALEJANDRO COSTA, an individual is hereby dismissed from this lawsuit without prejudice.

IT IS FURTHER ORDERED that Bank of West shall immediately transfer eighty-thousand dollars ($80,000.00) from accounts held by Defendants at Bank of the West directly to the client trust account of counsel for Plaintiff, held at California Bank & Trust, 19200 Von Karman Avenue, Suite 140, Irvine, CA 92612, Bank ABA Routing # 121002042, Bank Account # 3510099341 (the "Rynn & Janowsky, LLP Attorney Client Trust Account").  Upon making this transfer, the Preliminary Injunction Order entered by this Court on April 24, 2008 shall be dissolved, and shall become null and void and of no effect.

IT IS FURTHER HEREBY ORDERED that this entire lawsuit be dismissed without prejudice.

IT IS FURTHER HEREBY ORDERED that the U.S. District Court for the Northern District of California, San Francisco Division, shall retain exclusive jurisdiction over the parties and subject matter herein to reinstate said action in order to enter judgment in the event of Defendants' default or to otherwise enforce or interpret the provisions of this Stipulation and Agreement.

SO ORDERED.

DATED:__May 9, 2008__                  _____



JUDGE IT IS SO ORDERED COURT
Judge Vaughn R Walker

08-130/Settlement Stipulation              9